TODD KIM
Assistant Attorney General
SETH BARSKY, Section Chief
COBY HOWELL, Senior Trial Attorney
MAGGIE B. SMITH (WA Bar No. 45628)
Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station
P.O. Box 7611
Washington, DC 20044-7611
(202) 598-3088
maggie.smith@usdoj.gov

*Attorneys for Federal Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED COOK INLET DRIFT ASS'N, ET AL., | Case No. 3:21-cv-00255-JMK<br>3:21-cv-00247-JMK<br>CONSOLIDATED |
| Plaintiffs, | |
| vs. | FEDERAL DEFENDANTS' ANSWER TO UCIDA COMPLAINT |
| NATIONAL MARINE FISHERIES SERVICE, ET AL., | |
| Federal Defendants | |
| and | |
| STATE OF ALASKA, | |
| Defendant-Intervenor | |

1

WES HUMBYRD; ROBERT WOLFE;
and, DAN ANDERSON,

Plaintiffs,

vs.

GINA RAIMONDO, ET AL.,

Federal Defendants.

Defendants, the National Marine Fisheries Service ("NMFS"); the National

Oceanic and Atmospheric Administration ("NOAA"); Gina Raimondo, in her official

capacity as Secretary of the U.S. Department of Commerce ("DOC"); Janet Coit, in her

official capacity as the NOAA Assistant Administrator for Fisheries; and Robert D.

Mecum, in his official capacity as Acting NMFS Alaska Regional Administrator,[1]

provide the following Answer to Plaintiffs' Petition for Review and Complaint.

Defendants deny any allegations in Plaintiff's complaint, whether express or implied, that

are not specifically admitted, denied, or qualified herein.

1.      The allegations in Paragraph 1 contain Plaintiffs' characterization of their case and

the nature of the action, to which no response is required. To the extent a response is

required, the allegations are denied.

2.      The allegations in Paragraph 2 are too vague or ambiguous to permit a response

and are denied on that basis.

---

[1] Robert D. Mecum is substituted for James W. Balsiger pursuant to Fed. R. Civ. P.
25(d).

3.      The allegations in the first and seventh sentence of Paragraph 3 are too vague and ambiguous to permit a response and are denied on that basis.  The remaining allegations in Paragraph 3 purport to characterize information on historical commercial harvests of salmon in Cook Inlet, without citation, and as such are vague and ambiguous and are denied on that basis.

4.      The allegations in the first two sentences of Paragraph 4 are too vague or ambiguous to permit a response and are denied on that basis. The remaining allegations in Paragraph 4 characterize Amendment 12 to the Salmon Fishery Management Plan ("FMP") and its implementing regulations, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations contrary to their plain language, meaning, or context.

5.      The allegations in the first sentence of Paragraph 5 contain Plaintiffs' characterization of their case and the nature of the action, to which no response is required. The remaining allegations in Paragraph 5 characterize the Ninth Circuit's decision in *United Cook Inlet Drift Ass'n v. NMFS*, 837 F.3d 1055 (9th Cir. 2016), and the District of Alaska's orders on remand, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations contrary to those decisions' plain language, meaning, or context.

6.      Defendants deny the allegations in sentences 1 and 2 of Paragraph 6. The allegations in sentences 3 and 4 of Paragraph 6 characterize the Ninth Circuit's decision in *United Cook Inlet Drift Ass'n v. NMFS*, 837 F.3d 1055 (9th Cir. 2016), and the contents

3

of the Final Rule, which speak for themselves and are the best evidence of their contents. The remaining allegations in Paragraph 6 contain Plaintiffs' characterization of their case and legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

7. The allegations in the first two sentences of Paragraph 7 are vague or ambiguous and are denied on that basis. Defendants deny the allegations in the final sentence of Paragraph 7.

8. The allegations in Paragraph 8 constitute legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

9. Defendants deny the allegations in the first two sentences of Paragraph 9. The allegations in the third sentence of Paragraph 9 characterize a statement made by the Commissioner for the Alaska Department of Fish and Game, which is the best evidence of its contents and speaks for itself. Defendants deny any allegations contrary to that statement's plain language, meaning, or context. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained in sentences four and five of Paragraph 9, and Defendants deny them on that basis. The allegations in the sixth sentence of Paragraph 9 are vague or ambiguous and are denied on that basis. Defendants deny the remaining allegations in Paragraph 9.

10.     The allegations in Paragraph 10 contain Plaintiffs' characterization of their case and the nature of the action and legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

11.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 11 and deny them on that basis.

12.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 12 and deny them on that basis.

13.     The allegations in Paragraph 13 are vague or ambiguous and are denied on that basis.

14.     Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 14, and Defendants deny them on that basis.

15.     Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained in the first, second, and fourth sentences of Paragraph 15 and Defendants deny them on that basis.  The allegations in the third sentence of Paragraph 15 characterize the Magnuson-Stevens Fishery Conservation and Management Act ("MSA"), which speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to the MSA's plain language, meaning, or context.

16.     Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 16, and Defendants deny them on that basis.

17.     Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 17, and Defendants deny them on that basis.

18.     The allegations in the first sentence of Paragraph 18 are vague or ambiguous and are denied on that basis. Defendants admit that Plaintiffs submitted written comments and provided testimony during the development of Amendment 14 and implementing regulations.

19.     The allegations in Paragraph 19 contain legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

20.     Defendants admit the allegations in the first and second sentences of Paragraph 20. The allegations in the third sentence of Paragraph 20 characterize the MSA, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to the MSA's plain language, meaning, or context.

21.     Defendants admit the allegations in the first sentence of Paragraph 21. The allegations in the second and third sentences of Paragraph 21 are vague or ambiguous and are denied on that basis.

22.     Defendants admit the allegations in the first sentence of Paragraph 22. The remaining allegations in Paragraph 22 are vague or ambiguous and are denied on that basis.

23.     Defendants deny the allegations in Paragraph 23.

24.     The allegations in Paragraph 24 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny each allegation.

25.     The allegations in Paragraph 25 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny each allegation.

26.     The allegations in Paragraph 26 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny each allegation.

27.     The allegations in Paragraph 27 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny each allegation.

28.     The allegations in Paragraph 28 characterize the MSA, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to the MSA's plain language, meaning, or context.

29.     The allegations in Paragraph 29 characterize the MSA, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to the MSA's plain language, meaning, or context.

30.     The allegations in Paragraph 30 characterize the MSA, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to the MSA's plain language, meaning, or context.

31.     The allegations in Paragraph 31 characterize the MSA, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to the MSA's plain language, meaning, or context.

32.     The allegations in Paragraph 32 characterize the MSA, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to the MSA's plain language, meaning, or context.

33.     Defendants deny the allegations in the first sentence of Paragraph 33.  The remaining allegations in Paragraph 33 are vague or ambiguous and are denied on that basis.

34.     The allegations in Paragraph 34 characterize the MSA, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to the MSA's plain language, meaning, or context.

35.     The allegations in Paragraph 35 characterize the MSA, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to the MSA's plain language, meaning, or context.

36.     The allegations in Paragraph 36 characterize the MSA, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to the MSA's plain language, meaning, or context.

37.     The allegations in Paragraph 37 characterize the MSA, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to the MSA's plain language, meaning, or context.

38.     The allegations in Paragraph 38 characterize the MSA, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to the MSA's plain language, meaning, or context.

39.     The allegations in Paragraph 39 characterize the MSA, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to the MSA's plain language, meaning, or context.

40.     The allegations in Paragraph 40 characterize the National Environmental Policy Act ("NEPA") and the MSA, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations contrary to each statute's plain language, meaning, or context.

41.     The allegations in Paragraph 41 characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations contrary to their plain language, meaning, or context.

42.     The allegations in Paragraph 42 characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations contrary to their plain language, meaning, or context.

43.     The allegations in Paragraph 43 characterize NEPA's implementing regulations, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations contrary to their plain language, meaning, or context.

44.     The allegations in Paragraph 44 characterize NEPA's implementing regulations, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations contrary to their plain language, meaning, or context.

45.     The allegations in Paragraph 45 characterize NEPA's implementing regulations, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations contrary to their plain language, meaning, or context.

46.     The allegations in Paragraph 46 characterize the Administrative Procedure Act ("APA"), which speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to the APA's plain language, meaning, or context.

47.     The allegations in Paragraph 47 characterize the APA, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to the APA's plain language, meaning, or context.

48.     The allegations in Paragraph 48 characterize the APA, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to the APA's plain language, meaning, or context.

49.     Defendants admit the allegations in the first sentence of Paragraph 49. The remaining allegations in Paragraph 49 are vague or ambiguous and are denied on that basis.

50.     The allegations in Paragraph 50 are vague or ambiguous and are denied on that basis.

51.     The allegations in Paragraph 51 are vague or ambiguous and are denied on that basis.

52.     The allegations in Paragraph 52 are vague or ambiguous and are denied on that basis.

53.     In response to the allegations in the first two sentences of Paragraph 53, Defendants admit only that, historically, the majority of salmon commercially harvested in the Upper Cook Inlet were sockeye.  The remaining allegations in Paragraph 53 are vague or ambiguous and are denied on that basis.

54.     The allegations in Paragraph 54 are vague or ambiguous and are denied on that basis. The allegations in Paragraph 54 also constitute legal conclusions to which no response is required.

55.     The allegations in the first sentence of Paragraph 55 are vague or ambiguous and are denied on that basis. The remaining allegations in Paragraph 55 characterize the 1990 Salmon FMP, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to the 1990 Salmon FMP's plain language, meaning, or context.

56.     The allegations in Paragraph 56 characterize the 1990 Salmon FMP, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to the 1990 Salmon FMP's plain language, meaning, or context.

57.     The allegations in Paragraph 57 characterize the 1990 Salmon FMP, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to the 1990 Salmon FMP's plain language, meaning, or context.

58.     The first sentence in Paragraph 58 characterizes the International Convention for the High Seas Fisheries of the North Pacific Ocean, as implemented by the North Pacific Fisheries Act of 1954, and the North Pacific Anadromous Stock Act of 1992, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations contrary to those statute's plain language, meaning, or context.  The allegations in the second sentence of this paragraph purport to characterize provisions of the Salmon FMP, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the Salmon FMP's plain language are denied.

59.     The allegations in the first and third sentences of Paragraph 59 are vague or ambiguous and are denied on that basis.  The allegations in the second sentence of Paragraph characterize the Alaska Statehood Act, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the Alaska Statehood Act's plain language are denied.

60.     The allegations in Paragraph 60 purport to characterize State of Alaska salmon management plans and escapement goals within them, without citation, and as such are vague and ambiguous and are denied on that basis.

61.     The allegations in Paragraph 61 purport to characterize State of Alaska salmon management plans and allocation decisions within them, without citation, and as such are vague and ambiguous and are denied on that basis.

62.     The allegations in Paragraph 62 purport to characterize State of Alaska in season salmon management, without citation, and as such are vague and ambiguous and are denied on that basis.

63.     The allegations in Paragraph 63 characterize are vague or ambiguous and are denied on that basis.

64.     The allegations in the first four sentences of Paragraph 64 purport to characterize State of Alaska escapement goals, without citation, and as such are vague and ambiguous and are denied on that basis. The allegations in the fifth sentence of Paragraph 64

13

constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny each allegation.

65.    The allegations in Paragraph 65 purport to characterize the State of Alaska's Sustainable Salmon Fisheries Policy, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the State of Alaska's Sustainable Salmon Fisheries Policy are denied.

66.    The allegations in the first sentence of Paragraph 66 are vague or ambiguous and are denied on that basis. The allegations in the second sentence of Paragraph 66 constitute Plaintiffs' characterization of their complaint and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny each allegation.

67.    The allegations in Paragraph 67 are vague or ambiguous and are denied on that basis.

68.    With the exception of the third and the last sentence, the allegations Paragraph 68 purport to characterize Cook Inlet salmon harvest data and information, without citation, and as such are vague and ambiguous and are denied on that basis. The allegations in the third sentence of Paragraph 68 characterize the Secretary's September 12, 2012 disaster declaration, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the disaster declaration are denied. Defendants admit the allegations in the final sentence of Paragraph 68.

69.     Defendants deny the allegations in Paragraph 69.

70.     The allegations in Paragraph 70 purport to characterize the State of Alaska's management of Cook Inlet salmon fisheries, without citation, and as such are vague or ambiguous and are denied on that basis. The allegations in footnote 1 of Paragraph 70 purport to rely on a document called "ER 384," which is not defined, and as such are vague or ambiguous and are denied on that basis.

71.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 71, and they are denied on that basis. The allegations in the second and third sentences of Paragraph 71 purport to characterize information on historical commercial processing of salmon in Cook Inlet, without citation, and as such are vague and ambiguous and are denied on that basis.

72.     The allegations in the first and second sentences of Paragraph 72 purport to characterize and quote statements, without citation, and as such are vague and ambiguous and are denied on that basis. Defendants deny the remaining allegations in this paragraph.

73.     The allegations in Paragraph 73 purport to characterize information on escapement goals for salmon stocks in Cook Inlet, without citation, and as such are vague and ambiguous and are denied on that basis.

74.     Defendants deny the allegations in the first sentence of Paragraph 74. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in the second sentence of this Paragraph 74 and they are denied on

15

that basis. The allegations in the third, fourth, and fifth sentences of this paragraph purport to characterize information on historical commercial harvests of salmon in Cook Inlet, without citation, and as such are vague and ambiguous and are denied on that basis. Defendants also deny that the State of Alaska has mismanaged salmon in Cook Inlet.

75.     The allegations in Paragraph 75 characterize the MSA, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to the MSA's plain language, meaning, or context.

76.     In response to the allegations in the first sentence of Paragraph 76, Defendants admit only that the Council began the process of amending the Salmon FMP in 2010. The remaining allegations in the first sentence of Paragraph 76 are vague or ambiguous and are denied on that basis. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 76 and they are denied on that basis. The allegations in the third, fourth, and fifth sentences of Paragraph 76 purport to characterize recorded public testimony provided, and written comments submitted, to the Council during the Council's consideration of Amendment 12 to the Salmon FMP, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the recorded testimony and plain language, meaning, or context of written comments are denied. The allegations in the sixth sentence of Paragraph 76 purport to characterize the Salmon FMP as modified by Amendment 12, and recorded public testimony provided and written comments submitted to the Council during the Council's consideration of Amendment 12 to the Salmon FMP, which speak

16

for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, or context are denied.

77.     The allegations in Paragraph 77 purport to characterize recorded public testimony provided, and written comments submitted, to the Council during the Council's consideration of Amendment 12 to the Salmon FMP, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the recorded testimony and plain language, meaning, or context of written comments are denied.

78.     The allegations in Paragraph 78 characterize and quote recorded statements made by Council members during public meetings, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, or context of the recorded statements are denied.

79.     The allegations in the first and second sentences of Paragraph 79 characterize Amendment 12 to the Salmon FMP, which speaks for itself and is the best evidence of its contents. Any allegations contrary to Amendment 12's plain language, meaning, or context are denied. The allegations in the third sentence of Paragraph 79 constitute legal conclusions, to which no response is required.

80.     Defendants deny the allegations in the first sentence of Paragraph 80. Defendants admit that NMFS published notice of availability for Amendment 12 on April 2, 2012, and solicited public comment, and that NMFS published a proposed rule to implement Amendment 12 on April 11, 2012, and solicited public comment.

81. The allegations in Paragraph 81 are vague or ambiguous and are denied for that reason.

82. The allegations in Paragraph 82 characterize comments submitted to NMFS during the public comment periods on Amendment 12 and the proposed rule to implement Amendment 12, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, or context of those comments are denied.

83. The allegations in Paragraph 83 characterize comments submitted to NMFS during the public comment periods on Amendment 12 and the proposed rule to implement Amendment 12, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, or context of those comments are denied.

84. The allegations in Paragraph 84 characterize the Final EA/RIR and its Finding of No Significant Impact (FONSI) for Amendment 12 to the Salmon FMP, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

85. The allegations in Paragraph 85 characterize the Final EA/RIR and its FONSI for Amendment 12 to the Salmon FMP, which speak for themselves and are the best evidence of their contents. Any allegations contrary to their plain language, meaning, or context are denied.

86.     Defendants deny the allegations in Paragraph 86.

87.     The allegations in the first and second sentences of Paragraph 87 characterize a letter dated June 29, 2012, from Dr. James W. Balsiger, Administrator, NMFS Alaska Region, to Mr. Eric Olsen, Chairman of the North Pacific Fishery Management Council, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, or context of that letter are denied. The allegations in the third sentence of this paragraph characterize the MSA, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the MSA's plain language, meaning, or context are denied.

88.     Defendants deny the allegations in the first sentence of Paragraph 88. The allegations in the second sentence of Paragraph 88 characterize the final rule implementing Amendment 12, which speaks for itself and is the best evidence of its contents. Any allegations contrary to that rule's plain language, meaning, or context are denied.

89.     The allegations in the first two sentences of Paragraph 89 contain plaintiffs' characterization of their case in the litigation challenging Amendment 12, to which no response is required. To the extent a response is required, the allegations are denied. The remaining allegations in Paragraph 89 characterize the Ninth Circuit's decision in *United Cook Inlet Drift Ass'n v. NMFS*, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to that decision's plain language, meaning, or context.

19

90.     The allegations in Paragraph 90 characterize the Ninth Circuit's decision in *United Cook Inlet Drift Ass'n v. NMFS*, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to that decision's plain language, meaning, or context.

91.     The allegations in Paragraph 91 characterize the Ninth Circuit's decision in *United Cook Inlet Drift Ass'n v. NMFS*, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to that decision's plain language, meaning, or context.

92.     The allegations in the first sentence of Paragraph 92 are vague or ambiguous and are denied on that basis. Defendants deny the remaining allegations in Paragraph 92.

93.     The allegations in the first sentence of Paragraph 93 characterize Alternative 1 from the Final EA/RIR for Amendment 14, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to the Final EA/RIR's plain language, meaning, or context. The allegations in the second sentence of Paragraph 93 constitute legal conclusions, to which no response is required.

94.     The allegations in the first and third sentences of Paragraph 94 characterize Alternative 2 from the Final EA/RIR for Amendment 14, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to the Final EA/RIR's plain language, meaning, or context. The allegations in the second sentence of Paragraph 94 characterize the Ninth Circuit's decision in *United Cook Inlet Drift Ass'n v.*

20

*NMFS*, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to that decision's plain language, meaning, or context. Allegations in the fourth sentence of Paragraph 94 constitute legal conclusions, to which no response is required. To the extent a response is required, Defendants deny each allegation.

95.     The allegations in the first four sentences of Paragraph 95 characterize Alternative 3 from the Final EA/RIR for Amendment 14, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to the Final EA/RIR's plain language, meaning, or context. The allegations in the final sentence of Paragraph 95 constitute Plaintiffs' characterization of their case and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny each allegation.

96.     Defendants deny the allegations in the first and second sentences of Paragraph 96. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in the third sentence of Paragraph 96, and they are denied on that basis. The fourth sentence of Paragraph 96 characterizes Federal regulations, which speaks for themselves and are the best evidence of their contents. Defendants deny any allegations contrary to the Federal regulations' plain language, meaning, or context.

97.     Defendants deny the allegations in the first five sentences of Paragraph 97. The allegations in the final sentence of Paragraph 97 characterize a quotation, without citation, and as such are vague or ambiguous and are denied on that basis.

98. Defendants deny the allegations in the first sentence and fourth sentences of Paragraph 98. The allegations in the second and third sentences of Paragraph 98 are vague or ambiguous and are denied on that basis.

99. The allegations in Paragraph 99 purport to characterize the policy positions of the State of Alaska and quotations by the Commissioner of the Alaska Department of Fish and Game ("ADF&G"), without citation, and as such are vague or ambiguous and are denied on that basis.

100. The allegations in Paragraph 78 characterize and quote recorded statements made by Council members during public meetings, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, or context of the recorded statements are denied. The allegations in the first sentence of Paragraph 100 are vague or ambiguous and are denied on that basis. The allegations in the second and third sentences of Paragraph 100 characterize action taken by the Council at its October 2020 meeting and recorded statements made by the ADF&G Deputy Commissioner, which speak for themselves and are the best evidence of their contents. Any allegations inconsistent with the plain language, meaning, or context of the recorded statements or the October 2020 Council motion are denied.

101. Defendants deny the allegations in the first and sixth sentences of Paragraph 101. The second and third sentences of Paragraph 101 seem to characterize email conversations between ADF&G and NMFS, without citation, which speak for themselves and are the best evidence of their own contents. Defendants deny any allegations contrary to the emails'

22

plain language, meaning, or context. The allegations in the fourth sentence of Paragraph 101 purport to characterize the final Council motion adopting Amendment 14 and supporting rationale, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations contrary to the plain language, meaning, or context of the Council motion adopting Amendment 14 or recorded statements made in support of that motion. The fifth sentence in Paragraph 101 characterizes an email between the Deputy Commissioner and Commissioner of ADF&G, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations contrary to the email's plain language, meaning, or context. Defendants lack sufficient knowledge to form a belief as to the allegations in the final sentence of Paragraph 101 and they are denied on that basis.

102.    Defendants deny the allegations in the first and sixth sentences of Paragraph 102. The allegations in the second, third, fourth, and fifth sentences of Paragraph 102 are vague or ambiguous and are denied on that basis.  The allegations in the seventh sentence of Paragraph 102 purport to characterize recorded statements made by NMFS's representative to the Council, which speak for themselves are the best evidence of their own content. Defendants deny any allegations contrary to the plain language, meaning, and context of those statements.

103.    The allegations in Paragraph 103 are vague or ambiguous and are denied on that basis.

104.    Defendants deny the allegations in the first and fourth sentences of Paragraph 104. The allegations in the second and third sentences of Paragraph 104 purport to characterize

a March 25, 2021 letter from the NMFS Alaska Regional Administrator to the Council, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations contrary to the plain language, meaning, and context of that letter.

105. Defendants deny the allegations in Paragraph 105.

106. Defendants admit the allegations in the first two sentences of Paragraph 106. The allegations in the third sentence of Paragraph 106 characterize the MSA, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations contrary to the MSA's plain language, meaning, and context. Defendants admit that NMFS issued its final rule implementing Amendment 14 on November 3, 2021, but deny the remaining allegations in the paragraph.

107. Defendants incorporate by reference all preceding paragraphs of this Answer.

108. Defendants deny the allegations in Paragraph 108.

109. The allegations in Paragraph 109 characterize the MSA, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations contrary to the MSA's plain language, meaning, and context.

110. The allegations in the first sentence of Paragraph 110 contain plaintiffs' characterization of their case in the litigation challenging Amendment 12, to which no response is required. To the extent a response is required, the allegations are denied. The allegations in the second sentence of Paragraph 110 characterize the Ninth Circuit's decision in *United Cook Inlet Drift Ass'n v. NMFS*, which speaks for itself and is the best

evidence of its contents. Defendants deny any allegations contrary to that decision's plain language, meaning, or context.

111.    Defendants deny the allegations in Paragraph 111.

112.    Defendants deny the allegations in Paragraph 112.

113.    The allegations in the first sentence of Paragraph 113 characterize the Ninth Circuit's decision in *United Cook Inlet Drift Ass'n v. NMFS*, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to that decision's plain language, meaning, or context. The remaining allegations in Paragraph 113 constitute Plaintiffs' characterization of their case and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny each allegation.

114.    The allegations in Paragraph 114 constitute Plaintiffs' characterization of their case and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny each allegation.

115.    The allegations in Paragraph 115 constitute Plaintiffs' characterization of their case and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny each allegation.

116.    Defendants incorporate by reference all preceding paragraphs of this Answer.

117.    The allegations in Paragraph 117 characterize the MSA and the APA, which speak for themselves and are the best evidence of their own contents. Defendants deny any allegations contrary to those statutes' plain language, meaning, or context.

118.     The allegations in Paragraph 118 characterize the MSA, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations contrary to the MSA's plain language, meaning, or context.

119.     The allegations in the first sentence of Paragraph 119 constitute legal conclusions, to which no response is required. To the extent a response is required, Defendants deny each allegation.

     a.     The allegations in Paragraph 119(a) constitute Plaintiffs' characterization of their case and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny each allegation.

     b.     The allegations in Paragraph 119(b) constitute Plaintiffs' characterization of their case and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny each allegation.

     c.     Defendants deny the allegations in Paragraph 119(c).

     d.     The allegations in the first and last sentences of Paragraph 119(d) constitute Plaintiffs' characterization of their case and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny each allegation. Defendants deny the allegations in the second sentence of Paragraph 119(d). The allegations in the third sentence of Paragraph 119(d) purport to characterize State of Alaska salmon management, without citation, and are thus vague or ambiguous and are denied on that basis. Defendants deny the allegations in the fourth sentence of

26

Paragraph 119(d). The allegations in the fifth, sixth, and seventh sentences of Paragraph 119(d) are vague or ambiguous and are denied on that basis. Defendants deny the allegations in the eighth sentence of Paragraph 119(d).

e.     The allegations in the first, third, fourth, and fifth sentences of Paragraph 119(e) constitute Plaintiffs' characterization of their case and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny each allegation. The allegations in the second sentence of Paragraph 119(e) characterize the MSA, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations contrary to the MSA's plain language, meaning, or context.

f.     The allegations in the first, third, and fourth sentences of Paragraph 119(f) constitute Plaintiffs' characterization of their case and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny each allegation. The allegations in the second sentence of Paragraph 119(f) characterize the MSA, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations contrary to the MSA's plain language, meaning, or context. The allegations in the fifth sentence of Paragraph 119(f) are vague or ambiguous and are denied on that basis. Defendants deny the allegations in the last sentence of Paragraph 119(f).

g.     The allegations in the first, third, and fourth sentences of Paragraph 119(g) constitute Plaintiffs' characterization of their case and legal conclusions, to which

no response is required. To the extent a response is required, Defendants deny each allegation. The allegations in the second sentence of Paragraph 119(g) characterize the MSA, which speaks for itself and is the best evidence of its own contents. Defendants deny any allegations contrary to the MSA's plain language, meaning, or context.

h. The allegations in the first, second, seventh, and eighth sentences of Paragraph 119(h) constitute Plaintiffs' characterization of their case and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny each allegation. Defendants deny the remaining allegations in Paragraph 119(h).

i.      The allegations in Paragraph 119(i) constitute Plaintiffs' characterization of their case and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny each allegation.

j.      The allegations in Paragraph 119(j) constitute Plaintiffs' characterization of their case and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny each allegation.

k.      The allegations in Paragraph 119(k) constitute Plaintiffs' characterization of their case and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny each allegation.

l.       The allegations in Paragraph 119(l) constitute Plaintiffs' characterization of their case and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny each allegation.

m.       The allegations in Paragraph 119(m) constitute Plaintiffs' characterization of their case and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny each allegation.

120.       The allegations in Paragraph 120 constitute Plaintiffs' characterization of their case and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny each allegation.

121.       Defendants incorporate by reference all preceding paragraphs of this Answer.

122.       The allegations in Paragraph 122 characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations contrary to their plain language, meaning, or context.

123.       The allegations in Paragraph 123 characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations contrary to their plain language, meaning, or context.

124.       The allegations in Paragraph 124 characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations contrary to their plain language, meaning, or context.

125.    The allegations in the first three sentences of Paragraph 125 constitute Plaintiffs' characterization of their case and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny each allegation. Defendants deny the remaining allegations in Paragraph 125.

126.    The allegations in Paragraph 126 constitute Plaintiffs' characterization of their case and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny each allegation.

127.    The allegations in Paragraph 127 constitute Plaintiffs' characterization of their case and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny each allegation.

128.    The allegations in Paragraph 128 characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations contrary to their plain language, meaning, or context.

129.    The allegations in Paragraph 129 constitute Plaintiffs' characterization of their case and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny each allegation.

130.    The allegations in Paragraph 130 constitute Plaintiffs' characterization of their case and legal conclusions, to which no response is required. To the extent a response is required, Defendants deny each allegation.

## PRAYER FOR RELIEF

The remainder of Plaintiffs' complaint constitutes their requests for relief, to which no response is required. To the extent a further response is required, Defendants deny that Plaintiffs are entitled to the relief requested or any relief whatsoever.

## GENERAL DENIAL

Federal Defendants deny any allegations in the Amended Complaint, whether express or implied, that are not specifically admitted, denied or qualified herein.

## DEFENSES

1. Plaintiffs may lack standing.

2. The Court may lack subject matter jurisdiction over some or all of the claims.

3. Plaintiffs may have failed to state a claim for relief.

4. Some or all of Plaintiffs claims may be time barred.

5. Plaintiffs may have failed to join an indispensable party.

Dated: January 6, 2022

TODD KIM
Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division
SETH M. BARSKY, Section Chief
Wildlife & Marine Resources Section
MEREDITH L. FLAX, Assistant Section Chief
COBY HOWELL, Senior Trial Attorney

*/s/ Maggie B. Smith*
MAGGIE B. SMITH, Trial Attorney
(WA Bar No. 42658)
Wildlife & Marine Resources Section

31

Ben Franklin Station
P.O. Box 7611
Washington, D.C. 20044
Tel: 202-598-3088/ Fax: 202-305-0275
Email: Maggie.Smith@usdoj.gov

*Attorneys for Federal Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon counsel of record using the CM/ECF system on January 6, 2022.

/s/  *Maggie B. Smith*