TREG R. TAYLOR
ATTORNEY GENERAL

Aaron C. Peterson (Alaska Bar No. 1011087)
Senior Assistant Attorney General
Department of Law
1031 West Fourth Avenue, Ste. 200
Anchorage, AK 99501
Telephone: (907) 269-5232
Facsimile: (907) 276-3697
Email: aaron.peterson@alaska.gov

*Attorney for State of Alaska*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED COOK INLET DRIFT ASSOCIATION, *et al.,* | ) ) ) | Case No. 3:21-cv-00255-JMK |
| Plaintiffs, | ) ) | 3:21-cv-00247-JMK CONSOLIDATED |
| vs. | ) ) | |
| NATIONAL MARINE FISHERIES SERVICE, *et al.,* | ) ) ) | **STATE OF ALASKA'S ANSWER TO UNITED COOK INLET DRIFT** |
| Defendants. | ) ) | **ASSOCIATION'S COMPLAINT FOR DECLARATORY JUDGMENT** |
| | ) ) | **AND INJUNCTIVE RELIEF AND PETITION FOR REVIEW** |
| WES HUMBYRD, *et al.,* | ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| NATIONAL MARINE FISHERIES SERVICE, *et al.,* | ) ) ) | |
| Defendants. | ) ) | |

Defendant-Intervenor, the State of Alaska, provides the following Answer to Plaintiff United Cook Inlet Drift Association's ("Plaintiff") Complaint for Declaratory Judgment and Injunctive Relief and Petition for Review.

1.     The allegations in Paragraph 1 describe the Complaint and no response is required.

2.     The allegations in Paragraph 2 are too vague and ambiguous to permit a proper response and the State denies them on that basis.

3.     The allegations in the first, second, and last sentences of Paragraph 3 are too vague and ambiguous to permit a proper response and the State denies them on that basis. The remaining allegations purport to characterize data that is publicly available and to the extent the allegations conflict with the publicly available data the allegations are denied.

4.     The State denies the first and second sentences of Paragraph 4. The remaining two sentences purport to characterize Amendment 12. The text of Amendment 12 is the best evidence of its contents and to the extent the allegations conflict with the publicly available text of Amendment 12 the allegations are denied.

5.     The State admits that in 2013 Plaintiff initiated a lawsuit challenging Amendment 12. The remaining allegations in Paragraph 5 characterize the Ninth Circuit decision in that matter and to the extent the allegations conflict with the text of the decision the allegations are denied

*United Cook Inlet Drift Ass'n, et al., v. Nat'l Marine Fisheries Serv., et al.,*
Case Nos. 3:21-cv-00255-JMK/3:21-cv-00247-JMK CONSOLIDATED
State of Alaska's Answer                                          Page 2 of 26

6. Deny.

7. The State denies the first sentence of paragraph 7. The remaining allegations in Paragraph 7 are too vague and ambiguous to permit a proper response and the State denies them on that basis.

8. Paragraph 8 contains Plaintiff's legal conclusions. To the extent a response is required, the State denies the allegations.

9. The State denies the first and last sentences in Paragraph 9. The remaining allegations purport to characterize public records provided by the State, and the text of those records are the best evidence of their contents. The remaining allegations are too vague and ambiguous to permit a proper response and the State denies them on that basis.

10. The allegations in Paragraph 10 describe the relief sought by Plaintiff and no response is required. To the extent a response is required, the State denies the allegations.

11. The State is without sufficient information to respond to the allegations in Paragraph 11, and therefore denies them on that basis.

12. The State is without sufficient information to respond to the allegations in Paragraph 12, and therefore denies them on that basis.

13. The allegations in Paragraph 13 are too vague and ambiguous to permit a proper response and the State denies them on that basis.

*United Cook Inlet Drift Ass'n, et al., v. Nat'l Marine Fisheries Serv., et al.,*
Case Nos. 3:21-cv-00255-JMK/3:21-cv-00247-JMK CONSOLIDATED
State of Alaska's Answer                                                Page 3 of 26

Case 3:21-cv-00255-JMK   Document 26   Filed 01/11/22   Page 3 of 26

14.     The State is without sufficient information to respond to the allegations in Paragraph 14, and therefore denies them on that basis.

15.     The State is without sufficient information to respond to the allegations in Paragraph 15, and therefore denies them on that basis.

16.     The State is without sufficient information to respond to the allegations in Paragraph 16, and therefore denies them on that basis.

17.     The State is without sufficient information to respond to the allegations in Paragraph 17, and therefore denies them on that basis.

18.     The State is without sufficient information to respond to the allegations in the first sentence of Paragraph 18, and therefore denies them on that basis. The State admits that Plaintiff's submitted written comments related to Amendment 14

19.     Paragraph 19 contains Plaintiff's legal conclusions. To the extent a response is required the State denies the allegations.

20.     The State admits that NMFS is an agency of the National Oceanic and Atmospheric Administration ("NOAA"). The State admits the remainder of the allegations in Paragraph 20.

21.     The State admits the allegations in the first sentence of Paragraph 21. The remaining allegations in Paragraph 21 are too vague and ambiguous to permit a proper response and the State denies them on that basis.

22.     The State admits the allegations in the first sentence of Paragraph 22.

*United Cook Inlet Drift Ass'n, et al., v. Nat'l Marine Fisheries Serv., et al.,*
Case Nos. 3:21-cv-00255-JMK/3:21-cv-00247-JMK CONSOLIDATED
State of Alaska's Answer                                                    Page 4 of 26

Case 3:21-cv-00255-JMK   Document 26   Filed 01/11/22   Page 4 of 26

The remaining allegations in Paragraph 22 are too vague and ambiguous to permit a proper response and the State denies them on that basis.

23.     The State is without sufficient information to respond to the allegations in Paragraph 23, and therefore denies them on that basis.

24.     Paragraph 24 contains Plaintiff's legal conclusions. To the extent a response is required the State denies the allegations.

25.     Paragraph 25 contains Plaintiff's legal conclusions. To the extent a response is required the State denies the allegations.

26.     Paragraph 26 contains Plaintiff's legal conclusions. To the extent a response is required the State denies the allegations.

27.     Paragraph 27 contains Plaintiff's legal conclusions. To the extent a response is required the State denies the allegations.

28.     The allegations in Paragraph 28 purport to characterize the Magnuson-Stevens Act ("MSA"). The text of the MSA is the best evidence of its contents and no response is required. To the extent the allegations conflict with the MSA, the allegations are denied.

29.     The allegations in Paragraph 29 purport to characterize the MSA. The text of the MSA is the best evidence of its contents and no response is required. To the extent the allegations conflict with the MSA, the allegations are denied.

*United Cook Inlet Drift Ass'n, et al., v. Nat'l Marine Fisheries Serv., et al.,*
Case Nos. 3:21-cv-00255-JMK/3:21-cv-00247-JMK CONSOLIDATED
State of Alaska's Answer                                                                     Page 5 of 26

Case 3:21-cv-00255-JMK   Document 26   Filed 01/11/22   Page 5 of 26

30.    The allegations in Paragraph 30 purport to characterize the MSA. The text of the MSA is the best evidence of its contents and no response is required. To the extent the allegations conflict with the MSA, the allegations are denied.

31.    The allegations in Paragraph 31 purport to characterize the MSA. The text of the MSA is the best evidence of its contents and no response is required. To the extent the allegations conflict with the MSA, the allegations are denied.

32.    The allegations in Paragraph 32 purport to characterize the MSA. The text of the MSA is the best evidence of its contents and no response is required. To the extent the allegations conflict with the MSA, the allegations are denied.

33.    The State denies the first sentence of Paragraph 33. The remaining allegations in Paragraph 33 are too vague and ambiguous to permit a proper response and the State denies them on that basis.

34.    The allegations in Paragraph 34 purport to characterize the MSA. The text of the MSA is the best evidence of its contents and no response is required. To the extent the allegations conflict with the MSA, the allegations are denied.

35.    The allegations in Paragraph 35 purport to characterize the MSA. The text of the MSA is the best evidence of its contents and no response is required. To the extent the allegations conflict with the MSA, the allegations are denied.

36.    The allegations in Paragraph 36 purport to characterize the MSA. The text of the MSA is the best evidence of its contents and no response is required. To the extent

*United Cook Inlet Drift Ass'n, et al., v. Nat'l Marine Fisheries Serv., et al.,*
Case Nos. 3:21-cv-00255-JMK/3:21-cv-00247-JMK CONSOLIDATED
State of Alaska's Answer                                                      Page 6 of 26

Case 3:21-cv-00255-JMK   Document 26   Filed 01/11/22   Page 6 of 26

the allegations conflict with the MSA, the allegations are denied.

37. The allegations in Paragraph 37 purport to characterize the MSA. The text of the MSA is the best evidence of its contents and no response is required. To the extent the allegations conflict with the MSA, the allegations are denied.

38. The allegations in Paragraph 38 purport to characterize the MSA. The text of the MSA is the best evidence of its contents and no response is required. To the extent the allegations conflict with the MSA, the allegations are denied.

39. The allegations in Paragraph 39 purport to characterize the MSA. The text of the MSA is the best evidence of its contents and no response is required. To the extent the allegations conflict with the MSA, the allegations are denied.

40. The allegations in Paragraph 40 purport to characterize the National Environmental Policy Act ("NEPA") and the MSA. The text of NEPA and the MSA is the best evidence of their contents and no response is required. To the extent the allegations conflict with NEPA and the MSA the allegations are denied.

41. The allegations in Paragraph 41 purport to characterize NEPA. The text of NEPA is the best evidence of its contents and no response is required. To the extent the allegations conflict with the NEPA, the allegations are denied.

42. The allegations in Paragraph 42 purport to characterize NEPA. The text of NEPA is the best evidence of its contents and no response is required. To the extent the allegations conflict with the MSA, the allegations are denied.

*United Cook Inlet Drift Ass'n, et al., v. Nat'l Marine Fisheries Serv., et al.,*
Case Nos. 3:21-cv-00255-JMK/3:21-cv-00247-JMK CONSOLIDATED
State of Alaska's Answer                                                    Page 7 of 26

Case 3:21-cv-00255-JMK   Document 26   Filed 01/11/22   Page 7 of 26

43.     The allegations in Paragraph 43 purport to characterize NEPA regulations. The text of the NEPA regulations is the best evidence of their contents and no response is required. To the extent the allegations conflict with the NEPA regulations, the allegations are denied.

44.     The allegations in Paragraph 44 purport to characterize NEPA regulations. The text of the NEPA regulations is the best evidence of their contents and no response is required. To the extent the allegations conflict with the NEPA regulations, the allegations are denied.

45.     The allegations in Paragraph 45 purport to characterize NEPA regulations. The text of the NEPA regulations is the best evidence of their contents and no response is required. To the extent the allegations conflict with the NEPA regulations, the allegations are denied.

46.     The allegations in Paragraph 46 purport to characterize the Administrative Procedure Act ("APA"). The text of the APA is the best evidence of its contents and no response is required. To the extent the allegations conflict with the APA, the allegations are denied.

47.     The allegations in Paragraph 47 purport to characterize the Administrative Procedure Act ("APA"). The text of the APA is the best evidence of its contents and no response is required. To the extent the allegations conflict with the APA, the allegations are denied.

*United Cook Inlet Drift Ass'n, et al., v. Nat'l Marine Fisheries Serv., et al.,*
Case Nos. 3:21-cv-00255-JMK/3:21-cv-00247-JMK CONSOLIDATED
State of Alaska's Answer                                                                 Page 8 of 26

Case 3:21-cv-00255-JMK   Document 26   Filed 01/11/22   Page 8 of 26

48.     The allegations in Paragraph 48 purport to characterize the Administrative Procedure Act ("APA"). The text of the APA is the best evidence of its contents and no response is required. To the extent the allegations conflict with the APA, the allegations are denied.

49.     The State admits the first and second sentences in Paragraph 49. The State denies the third sentence. The remaining allegations are too vague and ambiguous to permit a proper response and the State denies them on that basis

50.     The allegations in Paragraph 50 are too vague and ambiguous to permit a proper response and the State denies them on that basis.

51.     The allegations in Paragraph 51 are too vague and ambiguous to permit a proper response and the State denies them on that basis.

52.     The allegations in Paragraph 52 purport to characterize fishing regulations found in the Alaska Administrative Code ("AAC"), Title 5. The text of the regulations in the AAC is the best evidence of its contents and no response is required. To the extent the allegations conflict with the regulations in the AAC the allegations are denied.

53.     The State admits the first sentence in Paragraph 53. The remaining allegations are too vague and ambiguous to permit a proper response and the State denies them on that basis.

54.     The allegations in Paragraph 54 are too vague and ambiguous to permit a proper response and contain Plaintiff's legal conclusions to which no response is

*United Cook Inlet Drift Ass'n, et al., v. Nat'l Marine Fisheries Serv., et al.,*
Case Nos. 3:21-cv-00255-JMK/3:21-cv-00247-JMK CONSOLIDATED
State of Alaska's Answer                                    Page 9 of 26

Case 3:21-cv-00255-JMK   Document 26   Filed 01/11/22   Page 9 of 26

required.

55.     The allegations in the first sentence of Paragraph 55 are too vague and ambiguous to permit a proper response and the State denies them on that basis. The remaining allegations purport to characterize the 1990 revisions to the Salmon FMP, the text of which is the best evidence of its contents and no response is required. To the extent the allegations conflict with the text of the 1990 revisions, the allegations are denied.

56.     The allegations in Paragraph 56 purport to characterize the 1990 revisions to the Salmon FMP, the text of which is the best evidence of its contents and no response is required. To the extent the allegations conflict with the text of the 1990 revisions, the allegations are denied.

57.     The allegations in Paragraph 57 purport to characterize the 1990 revisions to the Salmon FMP, the text of which is the best evidence of its contents and no response is required. To the extent the allegations conflict with the text of the 1990 revisions, the allegations are denied.

58.     The allegations in Paragraph 58 purport to characterize the High Seas Convention, the North Pacific Anadromous Stock Act of 1992, and the Salmon FMP, the text of which is the best evidence of their contents and no response is required. To the extent the allegations conflict with the text of the High Seas Convention, the North Pacific Anadromous Stock Act of 1992, and the Salmon FMP, the allegations are

*United Cook Inlet Drift Ass'n, et al., v. Nat'l Marine Fisheries Serv., et al.,*
Case Nos. 3:21-cv-00255-JMK/3:21-cv-00247-JMK CONSOLIDATED
State of Alaska's Answer                                         Page 10 of 26

Case 3:21-cv-00255-JMK   Document 26   Filed 01/11/22   Page 10 of 26

denied.

59.     The allegations in Paragraph 59 purport to characterize the Alaska Statehood Act, the text of which is the best evidence of its contents and no response is required. To the extent the allegations conflict with the Alaska Statehood Act, the allegations are denied. The State admits that the Board of Fisheries creates fishery management regulations and the Alaska Department of Fish and Game manages the fisheries.

60.     The allegations in Paragraph 60 are too vague and ambiguous to permit a proper response and the State denies them on that basis. To the extent the allegations characterize fisheries regulations in the AAC, the text of the regulations in the AAC is the best evidence of its contents and no response is required. To the extent the allegations conflict with the regulations in the AAC, the allegations are denied.

61.     The allegations in Paragraph 61 are too vague and ambiguous to permit a proper response and the State denies them on that basis. To the extent the allegations characterize fisheries regulations in the AAC, the text of the regulations in the AAC is the best evidence of its contents and no response is required. To the extent the allegations conflict with the regulations in the AAC, the allegations are denied.

62.     The allegations in Paragraph 62 are too vague and ambiguous to permit a proper response and the State denies them on that basis. To the extent the allegations characterize fisheries regulations in the AAC, the text of the regulations in the AAC is

*United Cook Inlet Drift Ass'n, et al., v. Nat'l Marine Fisheries Serv., et al.,*
Case Nos. 3:21-cv-00255-JMK/3:21-cv-00247-JMK CONSOLIDATED
State of Alaska's Answer                                                    Page 11 of 26

Case 3:21-cv-00255-JMK   Document 26   Filed 01/11/22   Page 11 of 26

the best evidence of its contents and no response is required. To the extent the allegations conflict with the regulations in the AAC, the allegations are denied.

63. The allegations in Paragraph 63 are too vague and ambiguous to permit a proper response and the State denies them on that basis.

64. The State admits that it utilizes both biological escapement goals and sustainable escapement goals, among others. The remaining allegations in Paragraph 64 are too vague and ambiguous to permit a proper response and the State denies them on that basis.

65. The allegations in Paragraph 65 purport to characterize the Sustainable Salmon Fisheries Policy, the text of which is the best evidence of its contents and no response is required. To the extent the allegations conflict with the text of the policy, the allegations are denied.

66. The allegations in Paragraph 66 are too vague and ambiguous to permit a proper response and contain Plaintiff's legal conclusions to which no response is required.

67. The allegations in Paragraph 67 are too vague and ambiguous to permit a proper response and the State denies them on that basis.

68. The allegations in Paragraph 68 purport to characterize data that is publicly available and to the extent the allegations conflict with the publicly available data the allegations are denied. The State admits that the Secretary declared a fishery disaster in

*United Cook Inlet Drift Ass'n, et al., v. Nat'l Marine Fisheries Serv., et al.,*
Case Nos. 3:21-cv-00255-JMK/3:21-cv-00247-JMK CONSOLIDATED
State of Alaska's Answer                                                    Page 12 of 26

Cook Inlet in 2012 and that petitions for disaster declarations for 2018 and 2020 are pending.

69.     The State denies the allegations in Paragraph 69.

70.     The State denies the allegations in Paragraph 70.

71.     The allegations in Paragraph 71 are too vague and ambiguous to permit a proper response and the State denies them on that basis.

72.     The allegations in Paragraph 71 are too vague and ambiguous to permit a proper response and the State denies them on that basis. The State denies the allegation that its fisheries management is "not based on science or sound principles of species conservation and fishery management…."

73.     The State denies the allegations in Paragraph 73.

74.     The State denies the allegations in Paragraph 74.

75.     The allegations in Paragraph 75 purport to characterize the MSA. The text of the MSA is the best evidence of its contents and no response is required. To the extent the allegations conflict with the MSA, the allegations are denied.

76.     The allegations in Paragraph 76 purport to detail the Council actions of amendment the Salmon FMP in 2010. The State admits that the Council began this process in 2010. To the extent Plaintiff is characterizing their own public comments regarding that process, the public record of those comments is the best evidence of their contents and no response is required.

*United Cook Inlet Drift Ass'n, et al., v. Nat'l Marine Fisheries Serv., et al.,*
Case Nos. 3:21-cv-00255-JMK/3:21-cv-00247-JMK CONSOLIDATED
State of Alaska's Answer                                              Page 13 of 26

Case 3:21-cv-00255-JMK   Document 26   Filed 01/11/22   Page 13 of 26

77.     The allegations in Paragraph 77 purport to characterize Plaintiff's public comments regarding Amendment 12. The public record of those comments is the best evidence of their contents and no response is required.

78.     The allegations in Paragraph 78 purport to characterize comments made at Council meetings regarding Amendment 12. The public record of those comments is the best evidence of their contents and no response is required.

79.     The allegations in Paragraph 78 purport to characterize Amendment 12. The text of Amendment 12 is the best evidence of its contents and to the extent the allegations conflict with the publicly available text of Amendment 12 the allegations are denied. The remaining allegations are too vague and ambiguous to permit a proper response and contain Plaintiff's legal conclusions to which no response is required.

80.     The State denies the first sentence of Paragraph 80. The remaining allegations purport to reflect federal government publications, which are the best evidence of their contents and to which no response is required.

81.     The allegations in Paragraph 81 are too vague and ambiguous to permit a proper response and the State denies them on that basis.

82.     The allegations in Paragraph 82 purport to reflect public comments made by Plaintiffs related to Amendment 12. Those publicly available comments are the best evidence of their contents and no response is required.

*United Cook Inlet Drift Ass'n, et al., v. Nat'l Marine Fisheries Serv., et al.,*
Case Nos. 3:21-cv-00255-JMK/3:21-cv-00247-JMK CONSOLIDATED
State of Alaska's Answer                                    Page 14 of 26

Case 3:21-cv-00255-JMK   Document 26   Filed 01/11/22   Page 14 of 26

83.     The allegations in Paragraph 83 purport to reflect public comments made by Plaintiffs related to the Environmental Assessment ("EA") for Amendment 12. Those publicly available comments are the best evidence of their contents and no response is required.

84.     The allegations in Paragraph 84 purport to characterize the EA and Finding of No Significant impact ("FONSI"). The text of the EA and FONSI is the best evidence of their contents and no response is required. To the extent the allegations conflict with the EA and FONSI the allegations are denied.

85.     The allegations in Paragraph 85 purport to characterize the EA and Finding of No Significant impact ("FONSI"). The text of the EA and FONSI is the best evidence of their contents and no response is required. To the extent the allegations conflict with the EA and FONSI the allegations are denied.

86.     The allegations in Paragraph 86 purport to characterize the EA and Finding of No Significant impact ("FONSI"). The text of the EA and FONSI is the best evidence of their contents and no response is required. To the extent the allegations conflict with the EA and FONSI, the allegations are denied.

87.     The allegations in the first sentence in Paragraph 87 are too vague and ambiguous to permit a proper response and the State denies them on that basis. The text of the letter is the best evidence of its contents and no response is required. The final sentence cites the MSA, the text of which is the best evidence of its contents and no

*United Cook Inlet Drift Ass'n, et al., v. Nat'l Marine Fisheries Serv., et al.,*
Case Nos. 3:21-cv-00255-JMK/3:21-cv-00247-JMK CONSOLIDATED
State of Alaska's Answer                                                    Page 15 of 26

Case 3:21-cv-00255-JMK   Document 26   Filed 01/11/22   Page 15 of 26

response is required. To the extent the allegations conflict with the MSA, the allegations are denied.

88.     The State denies the allegations in the first sentence of Paragraph 88. The remaining allegations purport to characterize Amendment 12, the text of which is the best evidence of its contents and no response is required. To the extent the allegations conflict with the MSA, the allegations are denied.

89.     The allegations in the first and second sentence of Paragraph 89 purport to characterize Plaintiff's lawsuit against NMFS related to Amendment 12. The pleadings filed in that matter are the best evidence of their contents and no response is required. The remaining allegations purport to Characterize the Ninth Circuit decision in that matter. The text of the decision is the best evidence of its contents and no response is required. To the extent the allegations conflict with the decision, the allegations are denied.

90.     The allegations in Paragraph 90 purport to Characterize the Ninth Circuit decision in the Amendment 12 litigation. The text of the decision is the best evidence of its contents and no response is required. To the extent the allegations conflict with the decision, the allegations are denied.

91.     The allegations in Paragraph 91 purport to Characterize the Ninth Circuit decision in the Amendment 12 litigation. The text of the decision is the best evidence of its contents and no response is required. To the extent the allegations conflict with the

*United Cook Inlet Drift Ass'n, et al., v. Nat'l Marine Fisheries Serv., et al.,*
Case Nos. 3:21-cv-00255-JMK/3:21-cv-00247-JMK CONSOLIDATED
State of Alaska's Answer                                              Page 16 of 26

Case 3:21-cv-00255-JMK   Document 26   Filed 01/11/22   Page 16 of 26

decision, the allegations are denied.

92. The State admits that Amendment 14 was crafted after the Ninth Circuit decision, but the first sentence of Paragraph 92 is too vague and ambiguous to permit a proper response and the State denies it on that basis. The State denies the remaining allegations in Paragraph 92.

93. The allegations in Paragraph 93 purport to characterize the Final EA. The text of the Final EA is the best evidence of its contents and no response is required. To the extent the allegations conflict with the Final EA, the allegations are denied.

94. The allegations in the first and third sentences of Paragraph 94 purport to characterize the Final EA. The text of the Final EA is the best evidence of its contents and no response is required. To the extent the allegations conflict with the Final EA, the allegations are denied. The second and fourth sentences contain Plaintiff's legal conclusions to which no answer is required. To the extent an answer is required the allegations are denied.

95. The allegations in the first through fourth sentences of Paragraph 95 purport to characterize the Final EA. The text of the Final EA is the best evidence of its contents and no response is required. To the extent the allegations conflict with the Final EA, the allegations are denied. The final sentence contains Plaintiff's legal conclusions to which no answer is required. To the extent an answer is required the allegations are denied.

*United Cook Inlet Drift Ass'n, et al., v. Nat'l Marine Fisheries Serv., et al.,*
Case Nos. 3:21-cv-00255-JMK/3:21-cv-00247-JMK CONSOLIDATED
State of Alaska's Answer                                                Page 17 of 26

Case 3:21-cv-00255-JMK   Document 26   Filed 01/11/22   Page 17 of 26

96.     The State denies the allegations in the first, second, and fourth sentences of Paragraph 96. The State is without sufficient information to respond to the allegations in the third sentence, and therefore denies them on that basis.

97.     The State denies the allegations contained in all but the final sentence of Paragraph 97. The final sentence purports to characterize a comment made by a "Council member," but the state is without sufficient information to respond to the allegations, and therefore denies them on that basis.

98.     The State denies the allegations contained in the first and fourth sentences of Paragraph 98. The remainder of the allegations in Paragraph 98 are too vague and ambiguous to permit a proper response and the State denies them on that basis.

99.     The State denies the allegations contained in the first sentence of Paragraph 99. The remainder of the allegations in Paragraph 99 are too vague and ambiguous to permit a proper response and the State denies them on that basis.

100.    The allegations in Paragraph 100 are too vague and ambiguous to permit a proper response and the State denies them on that basis. To the extent the allegations are characterizing actions taken at recorded Council meetings, the recordings are the best evidence of their contents and no response is required. To the extent the allegations conflict with the record the allegations are denied.

101.    The State denies the first sentence in Paragraph 101. The allegations in the fourth, sixth, and seventh sentences are too vague and ambiguous to permit a proper

*United Cook Inlet Drift Ass'n, et al., v. Nat'l Marine Fisheries Serv., et al.,*
Case Nos. 3:21-cv-00255-JMK/3:21-cv-00247-JMK CONSOLIDATED
State of Alaska's Answer                                              Page 18 of 26

Case 3:21-cv-00255-JMK   Document 26   Filed 01/11/22   Page 18 of 26

response and the State denies them on that basis. The remaining sentences purport to characterize records, which are themselves the best evidence of their contents and no response is required.

102.    The State denies the first, second, and fourth sentences in Paragraph 102. The remaining sentences contain allegations characterizing actions taken at a recorded Council meeting. The recordings are the best evidence of their contents and no response is required. To the extent the allegations conflict with the record the allegations are denied.

103.    The allegations in Paragraph 103 are too vague and ambiguous to permit a proper response and the State denies them on that basis.

104.    The State denies the allegations in the first and last sentence of Paragraph 104. The remaining allegations purport to characterize a letter that has been filed with the district court. The letter is the best evidence of its contents and no response is required. To the extent the allegations conflict with the plain langue of the letter the allegations are denied.

105.    The State denies the allegations in Paragraph 105.

106.    The State admits the allegations in the first and second sentences of Paragraph 106. The State also admits that NMFS issued the final rule implementing Amendment 14 on November 3, 2021. The remaining allegations purport to characterize the MSA. The text of the MSA is the best evidence of its contents and no response is

*United Cook Inlet Drift Ass'n, et al., v. Nat'l Marine Fisheries Serv., et al.,*
Case Nos. 3:21-cv-00255-JMK/3:21-cv-00247-JMK CONSOLIDATED
State of Alaska's Answer                                                    Page 19 of 26

Case 3:21-cv-00255-JMK   Document 26   Filed 01/11/22   Page 19 of 26

required. To the extent the allegations conflict with the MSA the allegations are denied.

107.    The State incorporates by reference all preceding paragraphs of this Answer.

108.    The State denies the allegations in Paragraph 108.

109.    The allegations in Paragraph 109 purport to characterize the MSA. The text of the MSA is the best evidence of its contents and no response is required. To the extent the allegations conflict with the MSA the allegations are denied.

110.    The allegations in the first sentence of Paragraph 110 purports to characterize Plaintiff's lawsuit against NMFS related to Amendment 12. The pleadings filed in that matter are the best evidence of their contents and no response is required. The second sentence purports to Characterize the Ninth Circuit's decision in that litigation. The text of the decision is the best evidence of its contents and no response is required. To the extent the allegations conflict with the decision the allegations are denied.

111.    The State denies the allegations in Paragraph 111.

112.    The State denies the allegations in Paragraph 112.

113.    The State denies the allegations in Paragraph 113.

114.    The State denies the allegations in Paragraph 114.

115.    The State denies the allegations in Paragraph 115.

116.    The State incorporates by reference all preceding paragraphs of this

*United Cook Inlet Drift Ass'n, et al., v. Nat'l Marine Fisheries Serv., et al.,*
Case Nos. 3:21-cv-00255-JMK/3:21-cv-00247-JMK CONSOLIDATED
State of Alaska's Answer                                                                 Page 20 of 26

Case 3:21-cv-00255-JMK   Document 26   Filed 01/11/22   Page 20 of 26

Answer.

117.    The allegations in Paragraph 117 purport to characterize the MSA. The text of the MSA is the best evidence of its contents and no response is required. To the extent the allegations conflict with the MSA, the allegations are denied.

118.    The allegations in Paragraph 118 purport to characterize the MSA. The text of the MSA is the best evidence of its contents and no response is required. To the extent the allegations conflict with the MSA the allegations are denied.

119.    The allegations in Paragraph 119 contain Plaintiff's legal conclusions and no response is required. To the extent a response is required, the State denies the allegations.

a.    The allegations in Paragraph 119(a) contain Plaintiff's legal conclusions and no response is required. To the extent a response is required, the State denies the allegations.

b.    The allegations in Paragraph 119(b) contain Plaintiff's legal conclusions and no response is required. To the extent a response is required, the State denies the allegations.

c.    The allegations in Paragraph 119(c) contain Plaintiff's legal conclusions and no response is required. To the extent a response is required, the State denies the allegations.

d.    The State denies the allegations in Paragraph 119(d).

*United Cook Inlet Drift Ass'n, et al., v. Nat'l Marine Fisheries Serv., et al.,*
Case Nos. 3:21-cv-00255-JMK/3:21-cv-00247-JMK CONSOLIDATED
State of Alaska's Answer                                      Page 21 of 26

Case 3:21-cv-00255-JMK   Document 26   Filed 01/11/22   Page 21 of 26

e.     The allegations in Paragraph 119(e) contain Plaintiff's legal conclusions and no response is required. To the extent a response is required, the State denies the allegations.

f.     The allegations in Paragraph 119(f) contain Plaintiff's legal conclusions and no response is required. To the extent a response is required, the State denies the allegations.

g.     The allegations in the first, second, and final sentences of Paragraph 119(g) purport to characterize the MSA. The text of the MSA is the best evidence of its contents and no response is required. To the extent the allegations conflict with the MSA, the allegations are denied. The remaining allegations contain Plaintiff's legal conclusions and no response is required. To the extent a response is required, the State denies the allegations.

h.     The allegations in the first, second, seventh, and eighth sentences of Paragraph 119(h) contain Plaintiff's legal conclusions and no response is required. To the extent a response is required, the State denies the allegations. The remaining allegations purport to characterize the EA/RIR. The text of the EA/RIR is the best evidence of its contents and no response is required. To the extent the allegations conflict with the EA/RIR, the allegations are denied.

i.     The allegations in Paragraph 119(i) contain Plaintiff's legal

*United Cook Inlet Drift Ass'n, et al., v. Nat'l Marine Fisheries Serv., et al.,*
Case Nos. 3:21-cv-00255-JMK/3:21-cv-00247-JMK CONSOLIDATED
State of Alaska's Answer                                                    Page 22 of 26

Case 3:21-cv-00255-JMK   Document 26   Filed 01/11/22   Page 22 of 26

conclusions and no response is required. To the extent a response is required, the State denies the allegations.

        j.     The allegations in Paragraph 119(j) contain Plaintiff's legal conclusions and no response is required. To the extent a response is required, the State denies the allegations.

        k.     The allegations in Paragraph 119(k) contain Plaintiff's legal conclusions and no response is required. To the extent a response is required, the State denies the allegations.

        l.     The allegations in Paragraph 119(l) contain Plaintiff's legal conclusions and no response is required. To the extent a response is required, the State denies the allegations.

        m.     The allegations in Paragraph 119(m) contain Plaintiff's legal conclusions and no response is required. To the extent a response is required, the State denies the allegations.

120.    The allegations in Paragraph 120 contain Plaintiff's legal conclusions and no response is required. To the extent a response is required, the State denies the allegations.

121.    The State incorporates by reference all preceding paragraphs of this Answer.

*United Cook Inlet Drift Ass'n, et al., v. Nat'l Marine Fisheries Serv., et al.,*
Case Nos. 3:21-cv-00255-JMK/3:21-cv-00247-JMK CONSOLIDATED
State of Alaska's Answer                Page 23 of 26

Case 3:21-cv-00255-JMK   Document 26   Filed 01/11/22   Page 23 of 26

122. The allegations in Paragraph 122 purport to characterize NEPA and its regulations. The text of NEPA and its regulations is the best evidence of their contents and no response is required. To the extent the allegations conflict with the NEPA and its regulations, the allegations are denied.

123. The allegations in Paragraph 123 purport to characterize NEPA and its regulations. The text of NEPA and its regulations is the best evidence of their contents and no response is required. To the extent the allegations conflict with the NEPA and its regulations, the allegations are denied.

124. The allegations in Paragraph 124 purport to characterize NEPA and its regulations. The text of NEPA and its regulations is the best evidence of their contents and no response is required. To the extent the allegations conflict with the NEPA and its regulations, the allegations are denied.

125. The allegations in Paragraph 125 contain Plaintiff's legal conclusions and no response is required. To the extent a response is required, the State denies the allegations.

126. The allegations in Paragraph 126 contain Plaintiff's legal conclusions and no response is required. To the extent a response is required, the State denies the allegations. The allegations also purport to characterize NEPA and its regulations. The text of NEPA and its regulations is the best evidence of their contents and no response is required. To the extent the allegations conflict with the NEPA and its

*United Cook Inlet Drift Ass'n, et al., v. Nat'l Marine Fisheries Serv., et al.,*
Case Nos. 3:21-cv-00255-JMK/3:21-cv-00247-JMK CONSOLIDATED
State of Alaska's Answer                                    Page 24 of 26

Case 3:21-cv-00255-JMK   Document 26   Filed 01/11/22   Page 24 of 26

regulations, the allegations are denied.

127.    The allegations in Paragraph 127 contain Plaintiff's legal conclusions and no response is required. To the extent a response is required, the State denies the allegations.

128.    The allegations in Paragraph 128 purport to characterize NEPA and its regulations. The text of NEPA and its regulations is the best evidence of their contents and no response is required. To the extent the allegations conflict with the NEPA and its regulations, the allegations are denied.

129.    The allegations in Paragraph 129 contain Plaintiff's legal arguments and conclusions and no response is required. To the extent a response is required, the State denies the allegations.

130.    The allegations in Paragraph 130 contain Plaintiff's legal arguments and conclusions and no response is required. To the extent a response is required, the State denies the allegations.

## AFFIRMATIVE DEFENSES

1.    This Court may lack subject matter jurisdiction over some or all of Plaintiff's claims.

2.    Plaintiff may lack standing.

3.    The claim may be barred by the statute of limitations.

*United Cook Inlet Drift Ass'n, et al., v. Nat'l Marine Fisheries Serv., et al.,*
Case Nos. 3:21-cv-00255-JMK/3:21-cv-00247-JMK CONSOLIDATED
State of Alaska's Answer                                                    Page 25 of 26

Case 3:21-cv-00255-JMK   Document 26   Filed 01/11/22   Page 25 of 26

DATED: January 11, 2022.

TREG R. TAYLOR
ATTORNEY GENERAL

By:  /s/Aaron C. Peterson
     Aaron C. Peterson
     Senior Assistant Attorney General
     Alaska Bar No. 1011087
     Department of Law
     1031 West Fourth Avenue, Ste. 200
     Anchorage, AK 99501
     Phone: (907) 269-5232
     Facsimile: (907) 276-3697
     Email: aaron.peterson@alaska.gov

     *Attorney for State of Alaska*

## CERTIFICATE OF SERVICE

I certify that on **January 11, 2022** the foregoing **STATE OF ALASKA'S ANSWER TO UNITED COOK INLET DRIFT ASSOCIATION'S COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF AND PETITION FOR REVIEW** was served electronically on all parties using the CM/ECF system.

/s/ Leilani J. Tufaga
Leilani J. Tufaga
Law Office Assistant II

*United Cook Inlet Drift Ass'n, et al., v. Nat'l Marine Fisheries Serv., et al.,*
Case Nos. 3:21-cv-00255-JMK/3:21-cv-00247-JMK CONSOLIDATED
State of Alaska's Answer                                        Page 26 of 26