IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED COOK INLET DRIFT ASSOCIATION, *et al.*,<br><br>   Plaintiffs,<br> v.<br><br>NATIONAL MARINE FISHERIES SERVICE, *et al.*,<br><br>   Defendants,<br><br>STATE OF ALASKA,<br><br>   Defendant-Intervenor. | Case No. 3:21-cv-00255-JMK<br>     3:21-cv-00247-JMK<br>     CONSOLIDATED<br><br>**AMENDED REMEDY ORDER** |
| WES HUMBYRD, *et al.*,<br><br>   Plaintiffs,<br> v.<br><br>GINA RAIMONDO, in her official capacity as Secretary of the U.S. Department of Commerce, *et al.*,<br><br>   Defendants. | |

## I. BACKGROUND

On June 21, 2022, this Court granted UCIDA Plaintiffs'[1] Motion for Summary Judgment, denied Humbyrd Plaintiffs' Motion for Summary Judgment, and granted in part and denied in part Federal Defendants' Cross Motion for Summary Judgment.[2] The Court found that Amendment 14 to the Salmon FMP and its implementing Final Rule were arbitrary and capricious and not in accordance with the law pursuant to the Magnuson-Stevens Act and the APA.[3] The Court vacated the Final Rule and remanded this matter back to the agency for further proceedings consistent with the Court's Order.[4]

Federal Defendants requested the opportunity to brief the appropriateness of additional relief.[5] The Court ordered the Parties to meet and confer and propose a remedy briefing schedule.[6] UCIDA Plaintiffs filed their proposed remedy brief on September 6, 2022.[7] Federal Defendants responded in opposition at Docket 72. Defendant-Intervenor the State of Alaska also responded in opposition at Docket 73. UCIDA Plaintiffs filed a reply at Docket 76. The Court originally issued its Remedy Order at Docket 77 on November 28, 2022. The Court now issues this Amended Remedy Order to add a requirement that the Parties collaborate during the remand, as discussed at the Status Conference on May 4, 2023.

---

[1] The Court uses the same defined terms as were used in its Order on Summary Judgment at Docket 67.
[2] Docket 67 at 53–54.
[3] *Id.* at 17–42.
[4] *Id.* at 54.
[5] Docket 72 at 12 n.4.
[6] Docket 67 at 54.
[7] Docket 69.

*United Cook Inlet Drift Ass'n, et al. v. Nat'l Marine Fisheries Serv., et al.*
Case Nos. 3:21-cv-00255-JMK, and 3:21-cv-00247-JMK CONSOLIDATED
Amended Remedy Order
Page 2
Case 3:21-cv-00255-JMK   Document 103   Filed 05/15/23   Page 2 of 11

## II. DISCUSSION

### A. The Parties' Requested Relief

UCIDA Plaintiffs request additional relief in the form of (1) a declaratory judgment stating that the Magnuson-Stevens Act requires NMFS to approve an FMP amendment that (a) governs the entire Cook Inlet salmon "fishery" as defined by the Magnuson-Stevens Act, (b) specifies the Magnuson-Stevens Act's "key" requirements for the content of an FMP, and (c) does not elevate state interests over federal interests; (2) an order requiring NMFS to issue regulations implementing a new, lawful FMP amendment by no later than June 1, 2023; (3) if NMFS fails to meet the June 1, 2023, deadline, an order imposing interim relief for the 2023 fishing season; (4) an order requiring NMFS to collaborate with UCIDA Plaintiffs and other stakeholders in preparing a new, lawful FMP amendment; (5) an order requiring NMFS to submit periodic status reports on its progress during the remand; and (6) an order retaining this Court's jurisdiction over this matter throughout the remand.[8]

Federal Defendants responded, arguing that, under the Magnuson-Stevens Act, this Court lacks the authority to impose remedies beyond setting aside the Final Rule.[9] Federal Defendants also argue that, even if the Court had the authority to issue additional relief, (1) UCIDA Plaintiffs' requested declaratory judgment is duplicative of the Magnuson-Stevens Act and this Court's Summary Judgment Order; (2) UCIDA Plaintiffs'

---

[8] *Id.* at 4–5; Docket 69-1.
[9] Docket 72 at 12–18.

*United Cook Inlet Drift Ass'n, et al. v. Nat'l Marine Fisheries Serv., et al.*
Case Nos. 3:21-cv-00255-JMK, and 3:21-cv-00247-JMK CONSOLIDATED
Amended Remedy Order                                                                Page 3

Case 3:21-cv-00255-JMK   Document 103   Filed 05/15/23   Page 3 of 11

requested deadline of June 2023 is unrealistic; (3) UCIDA Plaintiffs' requested contingency plan is not sound fishery management; and (4) Plaintiffs' remaining requests are designed to interfere with agency processes during the remand.[10] For its part, the State of Alaska argues that the Court should "definitively state that . . . the FMP may only cover the federal waters of the Cook Inlet."[11] The State also argues that UCIDA Plaintiffs' requested relief puts the Court in the "untenable position" of managing the Cook Inlet fishery, the timeline proposed by UCIDA Plaintiffs is unreasonable, and the State cannot be "forced" to manage the federal waters of the Cook Inlet.[12] While the Court has reviewed all arguments advanced in the parties' remedy briefs, for the purposes of this Order, the Court addresses only those arguments that are pertinent to the Court's chosen remedy.

**B.     The Court's Authority to Order Additional Relief**

The Court first addresses the preliminary issue of the scope of its powers to issue additional relief under the Magnuson-Stevens Act. 16 U.S.C. § 1855(f)(1)(B) provides that "the appropriate court shall only set aside any such regulation or action on a ground specified in section 706(2)(A), (B), (C), or (D) of such title." Federal Defendants assert that this provision extinguishes the Court's authority to order relief beyond vacatur.[13] Federal Defendants cite no case law adopting this reading of § 1855(f)(1)(B).[14] In fact, the

---

[10] *Id.* at 18–30.
[11] Docket 73 at 4.
[12] *Id.* at 4–21.
[13] Docket 72 at 14–18.
[14] Federal Defendants' citations to cases involving denials of requests for preliminary injunctions under the Magnuson-Stevens Act are inapposite. *See id.* at 15 (citing *Turtle Island Restoration Network v. U.S. Dep't of Com.*, 438 F.3d 937, 944 (9th Cir. 2006) and *Wild Fish Conservancy v. Thom*, No. C20-417-RAJ-MLP, 2020 WL 8675751, at *7 (W.D. Wash. June 9,

*United Cook Inlet Drift Ass'n, et al. v. Nat'l Marine Fisheries Serv., et al.*
Case Nos. 3:21-cv-00255-JMK, and 3:21-cv-00247-JMK CONSOLIDATED
Amended Remedy Order                                                                                    Page 4

Case 3:21-cv-00255-JMK   Document 103   Filed 05/15/23   Page 4 of 11

Ninth Circuit has clearly stated that § 1855(f)(1)(A) limits the *type* of relief available under the Magnuson-Stevens Act, while § 1855(f)(1)(B) limits only the *grounds* for such relief.[15] Furthermore, while applying the Magnuson-Stevens Act, courts in this circuit have issued remedies in addition to vacatur.[16] Accordingly, the Court rejects Federal Defendants' suggestion that it is powerless to issue remedies beyond vacating the Final Rule.

This Court is guided by familiar principles when considering its authority to fashion a remedy after finding that an agency action violated the Magnuson-Stevens Act and the APA. The Ninth Circuit has recognized that "[t]he district court has broad latitude in fashioning equitable relief when necessary to remedy an established wrong."[17] Within this framework, courts "may, at least in some circumstances, require specific actions from an agency on remand."[18] However, "there are limits to the courts' power to control an agency's conduct on remand," namely, "the substance and manner" of achieving compliance with the applicable statute should be left to the agency.[19]

---

2020), *report and recommendation adopted*, No. C20-417-RAJ-MLP, 2021 WL 781074 (W.D. Wash. Mar. 1, 2021)). It is plain that § 1855(f)(1)(A) precludes preliminary injunctive relief under the Magnuson-Stevens Act. Here, UCIDA Plaintiffs are not requesting preliminary injunctive relief.

[15] *Turtle Island Restoration Network*, 438 F.3d at 944.
[16] *Oceana, Inc. v. Ross*, 483 F. Supp. 3d 764, 788 (N.D. Cal. 2020) (vacating Catch Rule and setting deadline for defendants to promulgate a new rule in compliance with the Magnuson-Stevens Act and the APA); *Nat'l Res. Def. Council v. Locke*, No. C 01-0421 JL, 2010 WL 11545702, at *26–27 (N.D. Cal. Apr. 23, 2010) (vacating Specifications, ordering agency to apply certain harvest levels for different species of fish, and ordering the agency to publish new Specifications within one year of the issuance of the Order on Remedy).
[17] *Alaska Ctr. for the Env't v. Browner*, 20 F.3d 981, 986 (9th Cir. 1994).
[18] *Nat'l Wildlife Fed'n v. Nat'l Marine Fisheries Serv.*, 524 F.3d 917, 937 (9th Cir. 2008).
[19] *Id.* (quoting *Alaska Center for Environment*, 20 F.3d at 986–87).

*United Cook Inlet Drift Ass'n, et al. v. Nat'l Marine Fisheries Serv., et al.*
Case Nos. 3:21-cv-00255-JMK, and 3:21-cv-00247-JMK CONSOLIDATED
Amended Remedy Order
Page 5

Case 3:21-cv-00255-JMK   Document 103   Filed 05/15/23   Page 5 of 11

## C. Court's Remedy Order

Having outlined the bounds of its power on remand, the Court next addresses the remedies requested by UCIDA Plaintiffs. The Court will deny UCIDA Plaintiffs' request for (1) a declaratory judgment; and (2) an order dictating a contingency plan for the 2023 fishing season. First, the requested declaratory judgment is duplicative of this Court's Summary Judgment Order and the mandates of the Magnuson-Stevens Act. The Court issued a detailed Order describing exactly how Amendment 14 and the Final Rule violated the Magnuson-Stevens Act and the APA.[20] The Court's Order was clear that this matter is "remanded to the agency for further proceedings *consistent with this Order*."[21] The Court will not issue a declaratory judgment that appears to elevate certain aspects of the Court's Order and the Magnuson-Stevens Act above others[22]—Amendment 14 and the Final Rule violated the Magnuson-Stevens Act and the APA for all of the reasons articulated in the Court's Order and the Court expects that the new, lawful FMP amendment will comply with all aspects of the Magnuson-Stevens Act and the APA. The Court therefore declines UCIDA Plaintiffs' offer to muddy the waters with a declaratory judgment that rehashes issues already litigated and decided by this Court.[23] Second, the

---

[20] Docket 67.
[21] *Id.* at 54.
[22] *See* Docket 69 at 4 (requesting a declaratory judgment that, in part, "specifies the Magnuson Act's key requirements for the content of an FMP" including MSY, OY, accountability measures, and "any other applicable metrics for the fishery."). 16 U.S.C. § 1853 mandates the contents of fishery management plans and an agency preparing an FMP must comply with its requirements.
[23] Regarding the definition of "fishery" under the Magnuson-Stevens Act, in its Summary Judgment Order, Court found that NMFS's decision to exclude the recreational salmon fishery in the Cook Inlet EEZ Area from the Salmon FMP was arbitrary and capricious. Docket 67 at 17–

*United Cook Inlet Drift Ass'n, et al. v. Nat'l Marine Fisheries Serv., et al.*
Case Nos. 3:21-cv-00255-JMK, and 3:21-cv-00247-JMK CONSOLIDATED
Amended Remedy Order  Page 6

Case 3:21-cv-00255-JMK   Document 103   Filed 05/15/23   Page 6 of 11

Court declines UCIDA Plaintiffs' request for a "contingency plan" in its Remedy Order. UCIDA Plaintiffs request that the Court order two interim protections for the 2023 fishing season: (1) that the fishery will be open for fishing periods on Mondays and Thursday from 7:00 AM until 7:00 PM for commercial fishing on an inlet-wide basis, and (2) that the fishery should be managed by NMFS and the state "in a good faith effort to meet the requirement of the Magnuson Act."[24] UCIDA Plaintiffs argue that the Court may implement these interim protections either by ordering NMFS to issue an interim rule with these interim protections before June 1, 2023, if NMFS does not issue a final rule by that date, or by enjoining the State of Alaska to comply with these interim protections in its management of the fishery during the 2023 fishing season.[25] Whether framed as an order to issue an interim rule or as injunctive relief, the Court finds that the requested relief wades too far into the waters of encroaching upon the agency's function and places the Court in the position of managing the Cook Inlet fishery. First, 16 U.S.C. § 1855(c) empowers the Secretary to promulgate "emergency regulations or interim measures necessary to address [an] emergency or overfishing" when the Secretary finds that "an emergency exists or that interim measures are needed to reduce overfishing." It would be "improper to order [NMFS] to exercise [its] discretionary power to adopt emergency regulations."[26]

---

[20]. To the extent that UCIDA Plaintiffs seek an order regarding NMFS's authority to manage state waters, the Court expressly cabined its analysis to the federal waters of the Cook Inlet. *Id.* at 18 n.87. The Court will not revise or expand that analysis in this Remedy Order.

[24] Docket 69 at 13–16.

[25] *Id.* 69 at 16.

[26] *Pac. Dawn, LLC v. Bryson*, No. C10-4829 TEH, 2012 WL 554950, at *3 (N.D. Cal. Feb. 21, 2012).

*United Cook Inlet Drift Ass'n, et al. v. Nat'l Marine Fisheries Serv., et al.*
Case Nos. 3:21-cv-00255-JMK, and 3:21-cv-00247-JMK CONSOLIDATED
Amended Remedy Order
Page 7
Case 3:21-cv-00255-JMK   Document 103   Filed 05/15/23   Page 7 of 11

Additionally, requiring NMFS to promulgate an emergency or interim rule under this provision without a conservation-related emergency would subvert the intent of this statute and contravene NMFS policy guidance.[27] Further, directly enjoining the State of Alaska to manage the Cook Inlet fishery in a specific way amounts to "compensating for the agency's dereliction by undertaking [the Court's] own inquiry" into the best way to manage the fishery.[28] Plaintiff's requested injunctive relief involves, in essence, the Court dictating the substance and manner of how the Cook Inlet fishery should be operated for the 2023 season.[29] This requested relief exceeds the bounds of the Court's authority on remand. The Court lacks the expertise and scientific information to evaluate whether UCIDA Plaintiffs' proposed interim measures further the goals of the Magnuson-Stevens Act. The Court also has no means with which to receive information and adjust its interim measures based on salmon run strength.[30]

The Court finds that a deadline for the completion of the remand is appropriate here.[31] UCIDA Plaintiffs request a deadline of June 1, 2023, while Federal Defendants suggest that a more realistic timeline is May 2024.[32] The history of this

---

[27] *See* Docket 67 (noting that NMFS's own analysis determined that '[o]verfishing is not occurring for any Cook Inlet salmon stocks and none are in an overfished status"); *see also Texas v. Crabtree,* 948 F. Supp. 2d 676, 679 (S.D. Tex. 2013) (describing NMFS policy Guidelines for the Use of Emergency Rules); Docket 72-1 at 19.

[28] *See Asarco, Inc. v. U.S. Env't Prot. Agency*, 616 F.2d 1153, 1160 (9th Cir. 1980).

[29] *Alaska Ctr. for the Env't v. Browner*, 20 F.3d 981, 986 (9th Cir. 1994); *Oceana, Inc. v. Ross*, 483 F. Supp. 3d 764, 788 (N.D. Cal. 2020) ("The Court declines Plaintiff's invitation to 'require' the NMFS to 'issue a new catch rule [that] ensure[s] . . . annual limits are adjusted annually.' . . . The Court will not dictate the substance of any new catch rule on remand.).

[30] *See* Docket 72 at 22–24; Docket 76 at 13–14.

[31] *Nat'l Wildlife Fed'n v. Nat'l Marine Fisheries Serv.*, 524 F.3d 917, 937 (9th Cir. 2008).

[32] Docket 69 at 10; Docket 72 at 22.

*United Cook Inlet Drift Ass'n, et al. v. Nat'l Marine Fisheries Serv., et al.*
Case Nos. 3:21-cv-00255-JMK, and 3:21-cv-00247-JMK CONSOLIDATED
Amended Remedy Order                                                                                           Page 8
Case 3:21-cv-00255-JMK   Document 103   Filed 05/15/23   Page 8 of 11

litigation does not support the idea that a viable FMP amendment can be promulgated in under a year, either through the Council process or via a Secretary amendment.[33] The Court is persuaded that a deadline of May 1, 2024, is more realistic than a deadline of June 1, 2023.

Lastly, the Court, in its discretion, concludes that imposing a collaboration requirement is necessary at this stage of the remand. In its original Remedy Order, the Court concluded that a collaboration requirement would, at best, duplicate processes already proscribed by the Magnuson-Stevens Act or, at worst, elevate certain groups above others in this process. However, the Court recognizes that the actions taken by the Federal Defendants in the eleven months following the Court's Order on the parties' Cross-Motions for Summary Judgment at Docket 67 are nearly identical to those taken to implement the now-vacated Amendment 14. Given the history of this litigation and the progress of the remand thus far, the Court concludes that stronger judicial intervention is necessary to ensure that the same processes do not yield the same result. Although the Court cannot mandate the substance and manner of the collaboration meetings, the Court finds it prudent to order the parties to collaborate at this stage to attempt to avoid a perpetual cycle of litigation in this matter.[34]

---

[33] *See* Docket 69 at 10.
[34] *National Wildlife Federation v. National Marine Fisheries Service*, 524 F.3d 917 (9th Cir. 2008) (finding a collaboration requirement was justified in part "as a reasonable procedural restriction given the history of the litigation" and holding "that, on this record, requiring consultation with state and tribes constitutes a permissible procedural restriction rather than an impermissible substantive restraint.").

*United Cook Inlet Drift Ass'n, et al. v. Nat'l Marine Fisheries Serv., et al.*
Case Nos. 3:21-cv-00255-JMK, and 3:21-cv-00247-JMK CONSOLIDATED
Amended Remedy Order      Page 9
Case 3:21-cv-00255-JMK   Document 103   Filed 05/15/23   Page 9 of 11

### III. CONCLUSION

While the Court is reluctant to see another fishing season pass under a management regime that is not compliant with the Magnuson-Stevens Act, the Court's Remedy Order is designed to assure the creation of a new, lasting, lawful FMP amendment without invading the province of the agency. The Court will closely monitor the progress of the new FMP amendment on remand pursuant to the terms below. Accordingly, the Court, having reviewed the parties' remedy briefing, and being fully advised in the premises, ORDERS as follows:

1. <u>Deadline for completion of remand</u>. NMFS shall issue regulations implementing a new FMP amendment that is consistent with this Court's Summary Judgment Order and the previous orders in this litigation and complies with the Magnuson-Stevens Act, the APA, and all other applicable laws by no later than May 1, 2024.

2. <u>Periodic status reports</u>. To ensure that NMFS is making tangible progress in its preparation of a new, lawful FMP amendment, the Court finds that periodic status reports are necessary and proper as follows:

    a. NMFS shall submit periodic status reports to the Court every 45 days, beginning 45 days from the date of this Remedy Order. In these periodic status reports NMFS shall discuss its progress in its preparation of a new FMP amendment as well as any pertinent information relating to the management of the Cook Inlet fishery for the 2023 fishing season.

*United Cook Inlet Drift Ass'n, et al. v. Nat'l Marine Fisheries Serv., et al.*
Case Nos. 3:21-cv-00255-JMK, and 3:21-cv-00247-JMK CONSOLIDATED
Amended Remedy Order
Page 10

Case 3:21-cv-00255-JMK   Document 103   Filed 05/15/23   Page 10 of 11

    b.  UCIDA Plaintiffs shall submit any response within seven days of NMFS filing a report.

   3.  <u>Collaboration</u>.  The Parties (including intervenor-defendant the State of Alaska) are ordered to participate in two collaboration meetings on May 19, 2023, and May 22, 2023.  These meetings shall not be recorded or transcribed, but the Parties are ordered to submit a Joint Status Report within fourteen days of the May 22, 2023, meeting to provide the Court with a summary of the discussions during collaboration.

   4.  <u>Status Conference</u>.  If it becomes apparent that Federal Defendants are not acting as expeditiously as possible and do not appear to be on track to meet the May 2024 deadline ordered by this Court, the Court will consider whether interim measures are appropriate.  To that end, a status conference is set for **December 7, 2023, at 10:00 AM** in Anchorage Courtroom 3.  The Parties should be prepared to discuss any issues that have arisen through the Parties' status reports or responses.

   5.  <u>Jurisdiction retained</u>.  The Court finds that it is necessary and proper for it to retain jurisdiction over this case to ensure full and timely compliance with all aspects of the remedy detailed above.

   IT IS SO ORDERED this 15th day of May, 2023, at Anchorage, Alaska.

              */s/ Joshua M. Kindred*
              JOSHUA M. KINDRED
              United States District Judge

*United Cook Inlet Drift Ass'n, et al. v. Nat'l Marine Fisheries Serv., et al.*
Case Nos. 3:21-cv-00255-JMK, and 3:21-cv-00247-JMK CONSOLIDATED
Amended Remedy Order Page 11
Case 3:21-cv-00255-JMK Document 103 Filed 05/15/23 Page 11 of 11