IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

UNITED COOK INLET DRIFT
ASSOCIATION and COOK INLET
FISHERMEN'S FUND,

              Plaintiffs,

    vs.

NATIONAL MARINE FISHERIES
SERVICE, *et al.*,

              Defendants.

Case No. 3:21-cv-00255-JMK

**ORDER RE
ATTORNEY FEES AND COSTS**

At Docket 82, Plaintiffs United Cook Inlet Drift Association ("UCIDA") and

Cook Inlet Fishermen's Fund ("CIFF" and collectively "Plaintiffs") move for an interim

award of fees and costs. Defendants National Marine Fisheries Services, *et al.* ("NMFS"

and collectively "Federal Defendants") responded at Docket 95. Plaintiffs replied at

Docket 99. The Court took Plaintiffs' motion under advisement without oral argument.

## I. BACKGROUND

The factual and procedural history of this dispute is recounted in the Ninth

Circuit's decision in *United Cook Inlet Drift Association v. National Marine Fisheries*

*Service*[1] and this Court's Order on Cross Motions for Summary Judgment at Docket 67. As the Ninth Circuit Decision and this Court's Order reflect, this case is the latest proceeding in a long-running dispute between Plaintiffs and NMFS related to the agency's actions managing commercial salmon fishing in the federal waters of the Cook Inlet.

Federal management of commercial salmon fishing in these waters began following the passage of the Magnuson-Stevens Fishery Conservation and Management Act, 16 U.S.C. §§ 1801–1891(d) ("Magnuson-Stevens Act" or the "Act") in 1976. In 1979, NMFS first promulgated a Federal Management Plan ("FMP") for High Seas Salmon pursuant to the Act.[2] This FMP divided federal waters in Alaska into East and West Areas and prohibited commercial salmon fishing in the West Area, which includes the Cook Inlet, with the exception of three net fishing areas and a sport fishery.[3] The FMP also provided that the State of Alaska would continue to manage these historic fisheries.[4]

Over the next several decades, changes to the FMP and legislative actions resulted in an incomplete FMP, which did not address how the fisheries within the federal waters of the Cook Inlet would be managed.[5] As a result, the State of Alaska effectively managed commercial salmon fishing in the area.[6]

In December 2012, NMFS sought to address the deficient FMP and promulgated a Final Rule which amended the FMP to remove three net fishing areas and a

---

[1] 837 F.3d 1055 (9th Cir. 2016).
[2] 44 Fed. Reg. 33250 (June 8, 1979) (to be codified at 50 C.F.R. pt. 674).
[3] *Id.*
[4] 44 Fed. Reg. 33267 (June 8, 1979).
[5] *See* Docket 67 at 7.
[6] *See id.*

*United Cook Inlet Drift Ass'n v. Nat'l Marine Fisheries Serv., et al.*       Case No. 3:21-cv-00255-JMK
Order re Attorney Fees and Costs                                              Page 2
Case 3:21-cv-00255-JMK    Document 109    Filed 09/28/23    Page 2 of 24

sport fishery from the FMP's definition of the "West Area," effectively eliminating federal management of salmon fishing in the Cook Inlet.[7] Plaintiffs challenged this amendment, Amendment 12, as contrary to the Act.[8] Although the District Court granted summary judgment in favor of Federal Defendants, Plaintiffs appealed and the Ninth Circuit reversed the District Court's summary judgment order. The Ninth Circuit held that Amendment 12 was contrary to law, and directed that judgment be entered in favor of Plaintiffs.[9] Specifically, the Court concluded that NMFS must expressly delegate authority to a state in an FMP; it could not delegate management simply by removing an area from a FMP.[10] The Court further noted that "[t]he [Magnuson-Stevens] Act makes plain that federal fisheries are to be governed by federal rules in the national interest, not managed by a state based on parochial concerns."[11]

Following the Ninth Circuit's remand to the District Court in July 2017, the parties jointly moved for entry of judgment.[12] The Court granted the motion and remanded Amendment 12 to NMFS without vacatur so that NMFS could begin the process of drafting a new amendment that would comply with the Ninth Circuit's ruling.[13] In September 2019,

---

[7] *See Fisheries of the Exclusive Economic Zone Off Alaska; Pacific Salmon*, 77 Fed. Reg. 75570 (Dec. 21, 2012) (to be codified at 50 C.F.R. pt. 679); 50 C.F.R. § 679.2 (definition of West Area).

[8] Docket 1, *United Cook Inlet Drift Ass'n et al. v. NMFS, et al*., No. 3:13-cv-00104-TMB (D. Alaska, June 14, 2013).

[9] *United Cook Inlet Drift Ass'n v. Nat'l Marine Fisheries Serv.*, 837 F.3d 1055, 1065 (9th Cir. 2016).

[10] *Id.* at 1063.

[11] *Id.*

[12] Docket 101, *United Cook Inlet Drift Ass'n, et al. v. NMFS, et al*., No. 3:13-cv-00104-TMB (D. Alaska, July 11, 2017).

[13] Docket 102, *United Cook Inlet Drift Ass'n, et al. v. NMFS, et al*., No. 3:13-cv-00104-TMB (D. Alaska, Aug. 3, 2017).

*United Cook Inlet Drift Ass'n v. Nat'l Marine Fisheries Serv., et al.*                    Case No. 3:21-cv-00255-JMK
Order re Attorney Fees and Costs                                                                                Page 3

Case 3:21-cv-00255-JMK   Document 109   Filed 09/28/23   Page 3 of 24

Plaintiffs moved to enforce the Order and Entry of Judgment.[14]  The District Court then set a deadline for the completion of remand.[15]

Ultimately, on November 3, 2021, NMFS promulgated a Final Rule amending the FMP ("Amendment 14").[16]  The parties filed the instant case on November 17, 2021, to challenge the Rule.[17]  On June 21, 2022, this Court granted summary judgment in favor of Plaintiffs, vacated the Final Rule, and remanded to NMFS for further proceedings.[18]  The Court also requested additional briefing on the appropriateness of other relief.[19]  Following this round of briefing, the Court imposed a deadline for the completion of remand, required that the parties submit periodic status reports and appear for status conferences, and retained jurisdiction over this case to ensure compliance with its Remedy Order.[20]  Now, Plaintiffs seek a fee award, although the Court continues to receive periodic status updates regarding the agency remand.

## II.  LEGAL STANDARD

Under the Equal Access to Justice Act ("EAJA"), a court shall award fees and costs to a prevailing party in a civil action brought by or against the United States, "unless the court finds that the position of the United States was substantially justified or

---

[14] Docket 151, *United Cook Inlet Drift Ass'n, et al. v. NMFS, et al.*, No. 3:13-cv-00104-TMB (D. Alaska, Sept. 4, 2019).

[15] Docket 168 at 11, *United Cook Inlet Drift Ass'n, et al. v. NMFS, et al.*, No. 3:13-cv-00104-TMB (D. Alaska, Jan. 6, 2020).

[16] 86 Fed. Reg. 60568 (Nov. 3, 2021) (to be codified at 50 C.F.R. pt. 679).

[17] *See* Docket 1.

[18] Docket 67 at 53–54.

[19] *Id.* at 54.

[20] Docket 77 at 10–11.

*United Cook Inlet Drift Ass'n v. Nat'l Marine Fisheries Serv., et al.*                    Case No. 3:21-cv-00255-JMK
Order re Attorney Fees and Costs                                                             Page 4

Case 3:21-cv-00255-JMK   Document 109   Filed 09/28/23   Page 4 of 24

that special circumstances make an award unjust."[21]  To recover fees and costs, a party must demonstrate its eligibility by establishing it is an "owner of an unincorporated business, or any partnership, corporation, association, unit of local government, or organization, the net worth of which did not exceed $7,000,000 at the time the civil action was filed, and which had not more than 500 employees at the time the civil action was filed . . . ."[22]  Fees and other expenses, which a court must award a qualifying party, include "reasonable attorney fees[.]"[23]  However, "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."[24]

## III.  DISCUSSION

Plaintiffs assert that they are the prevailing party in this action, that they are eligible to recover EAJA fees and costs, that the United States' position was not substantially justified, and that there are no special circumstances that make an award unjust.[25]  Furthermore, they argue that attorney fees in excess of the statutory rate are justified in this case.[26]

Federal Defendants do not dispute that some award is appropriate in this case. They state that they do not object to the Plaintiffs' eligibility under EAJA, whether the

---

[21] 28 U.S.C. § 2412(d)(1)(A).
[22] 28 U.S.C. § 2412(d)(2)(B)(ii); *see also Love v. Reilly*, 924 F.2d 1492, 1494 (9th Cir. 1991) (noting that the party seeking fees bears burden of establishing its eligibility).
[23] 28 U.S.C. § 2412(d)(2)(A).
[24] 28 U.S.C. § 2412(d)(2)(A)(ii).
[25] Docket 82 at 5–12.
[26] *Id.* at 12–19.

*United Cook Inlet Drift Ass'n v. Nat'l Marine Fisheries Serv., et al.*     Case No. 3:21-cv-00255-JMK
Order re Attorney Fees and Costs                                            Page 5

Case 3:21-cv-00255-JMK   Document 109   Filed 09/28/23   Page 5 of 24

position of the United States was substantially justified, whether enhanced attorney fees are appropriate, or whether UCIDA can recover for time spent on their unsuccessful National Environmental Policy Act claim.[27]  However, they argue that Plaintiffs' requested award is excessive and should be reduced.[28]  Specifically, they object to an award that includes any fees associated with work performed in prior proceedings and to the reasonableness of certain other fees and costs.[29]

## A.    A Fee Award Is Warranted

The Court concludes that an award of fees and costs to Plaintiffs is appropriate at this time.  As explained below, Plaintiffs have demonstrated that they meet the requirements for a mandatory award under the EAJA and have shown that attorney fees in excess of the statutory rate are appropriate.

Federal Defendants suggest that an award of interim fees either is premature or untimely, as fees are only available if a petition is filed within 30 days of a final judgment.[30]  However, the Ninth Circuit and districts courts within have recognized that interim awards may be filed prior to a final, non-appealable judgment.[31]  Although

---

[27] Docket 95 at 6–7.
[28] *Id.* at 2.
[29] *Id.* at 6–20.
[30] *Id.* at 5 n.1.
[31] *See Animal Lovers Volunteer Ass'n, Inc. v. Carlucci*, 867 F.2d 1224, 1225 (9th Cir. 1989) (providing that courts may award EAJA fees and costs despite "[t]he fact the dispute between the parties may continue. . . ."); *see also League for Coastal Prot. v. Kempthorne,* No. C 05-0991-CW, 2006 WL 3797911, at *4 (N.D. Cal. Dec. 22, 2006), *enforcement granted,* No. C 05-0991-CW, 2007 WL 1982778 (N.D. Cal. July 2, 2007) (concluding that entry of a final, non-appealable judgment is not necessary before an award may be filed).

*United Cook Inlet Drift Ass'n v. Nat'l Marine Fisheries Serv., et al.*          Case No. 3:21-cv-00255-JMK
Order re Attorney Fees and Costs                                                                Page 6

Case 3:21-cv-00255-JMK   Document 109   Filed 09/28/23   Page 6 of 24

unpublished, Judge Wilken's decision in *League of Coastal Protection v. Kempthorne*[32] is instructive. The decision notes that the Ninth Circuit has provided that "interim fees are available under the EAJA where a party has prevailed on some substantial part of its claim, notwithstanding the need for further proceedings" and that the legislative history of the EAJA supports such an interpretation.[33] Additionally, the court underscored that, "if an interim fee award were not available, through no fault of their own, Plaintiffs would have to wait an additional two to three years before this Court could consider their fee request . . . ."[34]

Here, as discussed below, there is no doubt that Plaintiffs have prevailed on a substantial part of their claims. Furthermore, absent an interim fee award, Plaintiffs would be forced to wait to seek fees until NMFS fully complies the Court's Remedy Order and completes remand by May 1, 2024.[35] In this Court's view, Federal Defendants should not be able to forestall Plaintiffs' fee award because the Court must retain jurisdiction to ensure the agency's compliance with its orders.

1. **Plaintiffs are the prevailing parties**

Plaintiffs are the prevailing parties in this matter because this Court granted summary judgment in their favor.

---

[32] No. C 05-0991-CW, 2006 WL 3797911, at *4 (N.D. Cal. Dec. 22, 2006), *enforcement granted*, No. C 05-0991-CW, 2007 WL 1982778 (N.D. Cal. July 2, 2007).

[33] *Id.* at *3–4 (citing *Animal Lovers Volunteer Ass'n, Inc. v. Carlucci*, 867 F.2d 1224, 1225 (9th Cir. 1989)).

[34] *Id.* at *5.

[35] *See* Docket 77 at 10.

*United Cook Inlet Drift Ass'n v. Nat'l Marine Fisheries Serv., et al.*          Case No. 3:21-cv-00255-JMK
Order re Attorney Fees and Costs                                                                    Page 7

Case 3:21-cv-00255-JMK   Document 109   Filed 09/28/23   Page 7 of 24

Before deciding whether an award of attorney fees is appropriate, a court must determine whether the fee-seeking party "prevailed" in the litigation.[36] A "prevailing party" must have achieved "'a material alteration in the legal relationship of the parties' that is 'judicially sanctioned.'"[37] "The material alteration in the legal relationship of the parties must be relief that the would-be prevailing party sought . . . ."[38] And relief must come with a "judicial imprimatur"; it must be an enforceable, judicially sanctioned award.[39]

There is no doubt that Plaintiffs are the prevailing parties in this litigation. In granting summary judgment, this Court granted the precise relief Plaintiffs sought, namely, vacatur of NMFS's decision approving Amendment 14 and remand to the agency for the promulgation of a lawful amendment.[40] An "order remanding a case to an administrative agency for further proceedings" entitles a plaintiff to prevailing party status, "where such a remand is what the plaintiff . . . sought."[41] Such an order constitutes a material alteration in the legal relationship between the parties and is judicially sanctioned and enforceable.

---

[36] 28 U.S.C. § 2412(d)(1)(A); *see also Wood v. Burwell*, 837 F.3d 969, 973 (9th Cir. 2016) (noting that courts interpret "prevailing party" consistently between various fee-shifting statutes).

[37] *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1030 (9th Cir. 2009) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Hum. Res.*, 532 U.S. 598, 604–05 (2001)).

[38] *Klamath Siskiyou Wildlands Ctr.*, 589 F.3d at 1030.

[39] *Id.* at 1031 (citing *Buckhannon*, 532 U.S. at 605).

[40] Docket 67 at 54.

[41] *Klamath Siskiyou Wildlands Ctr.*, 589 F.3d at 1030.

*United Cook Inlet Drift Ass'n v. Nat'l Marine Fisheries Serv., et al.*          Case No. 3:21-cv-00255-JMK
Order re Attorney Fees and Costs                                                                    Page 8

Case 3:21-cv-00255-JMK   Document 109   Filed 09/28/23   Page 8 of 24

## 2. Plaintiffs are eligible to recover fees and costs under the EAJA

Plaintiffs also are eligible to recover fees and costs under the EAJA. A party must demonstrate its eligibility to recover under the EAJA by establishing it is an "owner of an unincorporated business, or any partnership, corporation, association, unit of local government, or organization, the net worth of which did not exceed $7,000,000 at the time the civil action was filed, and which had not more than 500 employees at the time the civil action was filed . . . ."[42]

The Court finds that both UCIDA and CIFF have demonstrated their eligibility in declarations and exhibits.[43] At the time this action was filed, neither organization had more than 500 employees nor a net worth exceeding $7,000,000. In November 2021, UCIDA had one employee.[44] Furthermore, UCIDA's net worth at that time is estimated to be less than $250,000, considering the organization's cash assets in bank accounts, investment assets, and the value of its office equipment less its monthly lease payments and due wages.[45] For its part, in November 2021, CIFF had no employees and a net worth estimated to be less than $232,000, given the value of its legal and operational funds.[46]

---

[42] 28 U.S.C. § 2412(d)(2)(B)(ii); *see also Love v. Reilly*, 924 F.2d 1492, 1494 (9th Cir. 1991) (noting that the party seeking fees bears burden of establishing its eligibility).

[43] *See Freeman v. Mukasey*, No. 04-35797, 2008 WL 1960838, at *2 (9th Cir. Feb. 26, 2008) (noting "an affidavit of the party's net worth is generally sufficient evidence to prove net worth under EAJA").

[44] Docket 84 at ¶ 3.

[45] *See id.* at ¶¶ 4–5; Docket 84-1; Docket 84-2; Docket 84-3; Docket 84-4; Docket 84-5; *see also* Docket 88.

[46] Docket 85 at ¶¶ 4–10; Docket 85-1; Docket 85-2; Docket 85-3; Docket 85-4; Docket 85-5.

*United Cook Inlet Drift Ass'n v. Nat'l Marine Fisheries Serv., et al.*          Case No. 3:21-cv-00255-JMK
Order re Attorney Fees and Costs          Page 9

Case 3:21-cv-00255-JMK   Document 109   Filed 09/28/23   Page 9 of 24

3.    **Federal Defendants' position was not substantially justified, and no special circumstances exist such that an award is unjust**

As discussed, the EAJA provides that a court "shall" award fees to a prevailing party other than the United States in a civil action "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."[47]  The EAJA further provides that the "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based. . . ."[48]  To be substantially justified, the United States's position must be "justified to a degree that could satisfy a reasonable person" or have "reasonable basis both in law and fact."[49]  Special circumstances may exist whether the government advances good faith but novel legal arguments or equitable considerations weigh in favor of denying an award.[50]  Ultimately, "[t]he burden of proving the special circumstances or substantial justification exception to the mandatory award of fees under the EAJA rests with the government."[51]

In their Response, Federal Defendants do not object to Plaintiffs' assertion that their position was not substantially justified and therefore do not carry their burden to prove that an award of fees is not appropriate.[52]  In any event, NMFS's actions in promulgating Amendment 14 were not substantially justified, as the agency ignored the

---

[47] 28 U.S.C. § 2412(d)(1)(A).
[48] 28 U.S.C. § 2412(d)(2)(D).
[49] *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *accord Decker v. Berryhill*, 856 F.3d 659, 664 (9th Cir. 2017).
[50] *See Abela v. Gustafson*, 888 F.2d 1258, 1266 (9th Cir. 1989).
[51] *Love v. Reilly*, 924 F.2d 1492, 1495 (9th Cir. 1991).
[52] Docket 95 at 6–7.

*United Cook Inlet Drift Ass'n v. Nat'l Marine Fisheries Serv., et al.*    Case No. 3:21-cv-00255-JMK
Order re Attorney Fees and Costs    Page 10

Case 3:21-cv-00255-JMK    Document 109    Filed 09/28/23    Page 10 of 24

Ninth Circuit's ruling directly addressing how it could regulate federal fisheries within the Cook Inlet prior to remand. This Court stated as much in its Order on Cross Motions for Summary Judgment, where it noted that NMFS acted "in direct contravention of the Ninth Circuit's finding that 'federal fisheries are to be governed by federal rules in the national interest, not managed by a state . . . .'"[53] As such, NMFS's actions lacked a reasonable basis in law and were not substantially justified.

### 4. Plaintiffs are entitled to fees in excess of the statutory rate

A court may award fees in excess of the statutory rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."[54] Courts may exceed the statutory limit for the latter reason only if there is limited availability of "attorneys having some distinctive knowledge or specialized skill needful for the litigation in question."[55] Courts within the Ninth Circuit employ a three part test to determine if an increased fee if warranted: "First, the attorney must possess distinctive knowledge and skills developed through a practice specialty. Secondly, those distinctive skills must be needed in the litigation. Lastly, those skills must not be available elsewhere at the statutory rate."[56] Environmental litigation is an identifiable practice specialty for which increased fees may be appropriate.[57]

---

[53] Docket 67 at 23–24 (quoting *United Cook Inlet Drift Ass'n*, 837 F.3d at 1063).
[54] 28 U.S.C. § 2412(d)(2)(A)(ii).
[55] *Pierce v. Underwood*, 487 U.S. 552, 572 (1988).
[56] *Love v. Reilly*, 924 F.2d 1492, 1496 (9th Cir. 1991) (citing *Pirus v. Bowen*, 869 F.2d 536, 541–52 (9th Cir. 1989)).
[57] *Nat. Res. Def. Council, Inc. v. Winter*, 543 F.3d 1152, 1159–60 (9th Cir. 2008).

*United Cook Inlet Drift Ass'n v. Nat'l Marine Fisheries Serv., et al.*  Case No. 3:21-cv-00255-JMK
Order re Attorney Fees and Costs  Page 11

Case 3:21-cv-00255-JMK  Document 109  Filed 09/28/23  Page 11 of 24

Plaintiffs assert that, although the EAJA sets a statutory rate for attorney fees, they are entitled to recover at market-based rates because this litigation demanded the engagement of attorneys in a specialty practice.[58]  Federal Defendants do not oppose enhanced fees in principle, but argue that Plaintiffs are not entitled to enhanced fees for their work on the fee petition or for time billed for travel.[59]

An increased fee is appropriate in this case.  Plaintiffs' attorneys all possess distinctive knowledge and skills developed through a practice specialty.  They all have specialized experience in federal environmental litigation, including cases involving the Magnuson-Stevens Act and the National Environmental Policy Act.[60]  Moreover, the Court finds that these skills were necessary in this litigation, given the complexity of the issues litigated, the necessity of reviewing and participating in administrative processes, and the need to litigate before both the District Court and Ninth Circuit.  There are a limited number of attorneys in Alaska adequately qualified to handle this case and Plaintiffs could not have retained qualified counsel for the statutory rate.[61]  Finally, the hourly rates charged by Plaintiffs' attorneys and the total fee requested are reasonable as they are consistent with market rates for complex environmental litigations in Anchorage and Seattle.[62]

---

[58] Docket 82 at 12–15.
[59] Docket 95 at 6–7, 13–14.
[60] Docket 83 at ¶¶ 3–7.
[61] *See* Docket 86 at ¶ 9; *see also* Docket 87 at ¶ 5.
[62] *See* Docket 86 at ¶ 8; Docket 87 at ¶¶ 9, 11.

*United Cook Inlet Drift Ass'n v. Nat'l Marine Fisheries Serv., et al.*     Case No. 3:21-cv-00255-JMK
Order re Attorney Fees and Costs     Page 12

Case 3:21-cv-00255-JMK   Document 109   Filed 09/28/23   Page 12 of 24

**B.**     **Plaintiffs Are Not Entitled to Fees for Certain Pre-Complaint Work in This Case**

Federal Defendants oppose an award that compensates Plaintiffs for fees and costs incurred in litigating the prior iteration of this case before Judge Burgess.[63]  In their view, the Court may not award fees for work performed prior to November 23, 2021, because (1) Plaintiffs' request for these fees is time-barred, (2) the EAJA does not permit the Court to award fees and costs for a different civil action over which it does not have jurisdiction, and (3) Plaintiffs' post-judgment filings in the prior litigation are not compensable.[64]

Federal Defendants also oppose an award for work done at the administrative level.  They argue that litigants are not entitled to recover fees for their participation in pre-litigation administrative proceedings and, even assuming that work at the administrative level was compensable, Plaintiffs need to have made an application for these fees in the prior litigation.[65]

The Court addresses the fees sought for work on Plaintiffs' Motion to Enforce the Judgment in the prior litigation and appeal to the Ninth Circuit separately from the fees sought for Plaintiffs' work in the administrative proceeding following remand.

---

[63] Docket 95 at 7.
[64] *Id.* at 7–11.
[65] *Id.* at 10–11.

*United Cook Inlet Drift Ass'n v. Nat'l Marine Fisheries Serv., et al.*     Case No. 3:21-cv-00255-JMK
Order re Attorney Fees and Costs     Page 13

Case 3:21-cv-00255-JMK   Document 109   Filed 09/28/23   Page 13 of 24

1. **Plaintiffs are not entitled to fees for work on Motion to Enforce the Judgment and Ninth Circuit appeal**

Federal Defendants argue that the Court may not award fees for work Plaintiffs' attorneys completed in prior litigation before Judge Burgess. They submit that Plaintiffs' petition for these fees is time-barred, that this Court lacks jurisdiction to award these fees, and that, notwithstanding these procedural obstacles, fees are not merited for the work for which Plaintiffs seek an award.[66] Plaintiffs respond that pre-litigation fees are routinely awarded and that their fee request is based on their prevailing party status in this litigation, not the prior action.[67]

This Court cannot award Plaintiffs fees and costs for their attorneys' work on motions filed in a separate action or appeal over which it has no jurisdiction. The EAJA provides for fees and costs "in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action."[68] This Court lacks jurisdiction over the civil action in which Plaintiffs filed their Motion to Enforce the Judgment, as Judge Burgess relinquished jurisdiction in 2021. And it never had jurisdiction over Plaintiffs' appeal of the Court's Order on the Motion to Enforce to the Ninth Circuit. Therefore, it may not award fees and costs despite Plaintiffs' status as prevailing parties here.[69] Having

---

[66] *Id.* at 8–11.
[67] Docket 99 at 6–7.
[68] 28 U.S.C. § 2412(a)(1).
[69] *See Lundin v. Mecham*, 980 F.2d 1450, 1461–62 (D.C. Cir. 1992).

*United Cook Inlet Drift Ass'n v. Nat'l Marine Fisheries Serv., et al.*     Case No. 3:21-cv-00255-JMK
Order re Attorney Fees and Costs                                            Page 14

Case 3:21-cv-00255-JMK   Document 109   Filed 09/28/23   Page 14 of 24

concluded it lacks jurisdiction to award fees and costs for this work, the Court will not address Federal Defendants' alternative arguments.

2. **Plaintiffs may not recover fees and costs for their participation in the administrative remand**

Federal Defendants argue that the Court may not award Plaintiffs fees and costs for their participation in the administrative remand.[70] Plaintiffs respond that fees for work in these proceedings is appropriate as the administrative remand was intimately tied to the resolution of a judicial action.[71]

Generally, the EAJA "does not allow for the award of fees for administrative proceedings."[72] However, in *Sullivan v. Hudson*, the U.S. Supreme Court carved out an exception to this rule.[73] "Fees for administrative proceedings may be awarded . . . so long as the administrative proceedings are 'intimately tied to the resolution of the judicial action,' and 'necessary to the attainment of the results Congress sought to promote by providing for fees.'"[74] In later cases, the Supreme Court clarified the narrow scope of this exception, writing that a court can award fees for administrative proceedings "where a suit has been brought in a court, *and* where a formal complaint within the jurisdiction of a court of law *remains pending and depends for its resolution upon the outcome of the administrative proceedings.*"[75] The Court wrote, "*Hudson* thus stands for the proposition

---

[70] Docket 95 at 9–10.
[71] Docket 99 at 2–6.
[72] *W. Watersheds Project v. U.S. Dep't of the Interior*, 677 F.3d 922, 926 (9th Cir. 2012).
[73] 490 U.S. 877, 888 (1989).
[74] *W. Watersheds Project*, 677 F.3d at 926 (quoting *Hudson*, 490 U.S. at 888).
[75] *Melkonyan v. Sullivan*, 501 U.S. 89, 97 (1991) (emphasis in original) (internal quotations omitted).

*United Cook Inlet Drift Ass'n v. Nat'l Marine Fisheries Serv., et al.*            Case No. 3:21-cv-00255-JMK
Order re Attorney Fees and Costs                                                                        Page 15

Case 3:21-cv-00255-JMK   Document 109   Filed 09/28/23   Page 15 of 24

that in those cases where the district court retains jurisdiction of the civil action and contemplates entering a final judgment following the completion of administrative proceedings, a claimant may collect EAJA fees for work done at the administrative level."[76] Finally, the EAJA "must be strictly construed in favor of the United States" because it partially waives the United States' sovereign immunity.[77]

Considering these strict instructions, this Court cannot award fees and costs for Plaintiffs' participation in the administrative remand. A fee award is not appropriate to compensate the post-litigation proceedings in the prior case, as the complaint which gave rise to the administrative remand is no longer pending and did not depend on the outcome of the administrative proceedings for its resolution. In the prior litigation, Judge Burgess remanded to NMFS after issuing a final judgment in the case.[78] Accordingly, the formal complaint in that case did not depend on the outcome of the administrative proceedings for its resolution. In fact, the Court already had resolved the complaint prior to remand.

Furthermore, as Judge Burgess wrote in his Order on Plaintiffs' Motion for Leave to File Supplemental Complaint, "[t]he Judgment's terms were relatively narrow, and only ordered the Federal Defendants to issue periodic status reports, to 'work with' the Council to 'ensure that the affected public has appropriate input in the development of any new Salmon FMP amendment that addresses Cook Inlet,' and to follow certain deadlines

---

[76] *Id.*

[77] *Ardestani v. I.N.S.*, 502 U.S. 129, 137 (1991).

[78] *See* Docket 102, *United Cook Inlet Drift Ass'n, et al. v. NMFS, et al.*, No. 3:13-cv-00104-TMB (D. Alaska, Aug. 3, 2017).

*United Cook Inlet Drift Ass'n v. Nat'l Marine Fisheries Serv., et al.*        Case No. 3:21-cv-00255-JMK
Order re Attorney Fees and Costs                                                Page 16

Case 3:21-cv-00255-JMK   Document 109   Filed 09/28/23   Page 16 of 24

if it adopted a Salmon FMP amendment."[79]  Although the Court retained jurisdiction during the remand, it did not contemplate a substantive review of the agency's actions on remand, upon which a final judgment would depend.[80]  Thus, Plaintiffs' attorneys' work in the administrative proceedings on remand was not necessary to carry out the Court's order, given the limited scope of the Court's order.

Finally, a fee award is not appropriate to compensate Plaintiffs' attorneys' work in pre-litigation administrative proceedings in this case, as "pre-litigation administrative proceedings do not have the requisite ancillary relationship with the judicial action[] to permit an award of fees under *Hudson*."[81]  In the end, whether the Court construes the administrative proceedings that led to NMFS promulgating Amendment 14 as pre-litigation or post-litigation, precedent forecloses an award of fees and costs for Plaintiffs' attorneys' work related to the proceedings.

## C.    Plaintiffs Requested Fees Are Reasonable

Federal Defendants raise at least eight other objections to Plaintiffs' requested award.[82]  The Court addresses each as follows.

---

[79]  Docket 205 at 9, *United Cook Inlet Drift Ass'n, et al. v. NMFS, et al*., No. 3:13-cv-00104-TMB (D. Alaska, Nov. 18, 2021) (quoting Docket 102 at 1–2, *United Cook Inlet Drift Ass'n, et al. v. NMFS, et al*., No. 3:13-cv-00104-TMB (D. Alaska, Aug. 3, 2017)).

[80]  *See id.* (quoting Docket 102 at 1–2, *United Cook Inlet Drift Ass'n, et al. v. NMFS, et al*., No. 3:13-cv-00104-TMB (D. Alaska, Aug. 3, 2017)) (noting the Judgment "expressly '[did] not bind the Council or NMFS with regard to the contents of the new FMP amendment'").

[81]  *Nadarajah v. Holder*, 569 F.3d 906, 919 (9th Cir. 2009) (internal quotation marks omitted).

[82]  Docket 95 at 12–20.

*United Cook Inlet Drift Ass'n v. Nat'l Marine Fisheries Serv., et al.*                    Case No. 3:21-cv-00255-JMK
Order re Attorney Fees and Costs                                                                                Page 17

Case 3:21-cv-00255-JMK   Document 109   Filed 09/28/23   Page 17 of 24

1. **With limited exceptions, Plaintiffs' billing records are sufficient to allow an award of certain fees prior to November 23, 2021**

Federal Defendants highlight block billing before November 23, 2021, and argue that Plaintiffs' billing records are too vague to allow the Court to determine which civil action Plaintiffs' attorneys worked on during specified times.[83]   For example, they argue that an award should not include fees for an entry which does not distinguish between the two litigations.[84]

Districts courts have flexibility to determine what fee is reasonable.[85]   The starting point for a reasonable fee is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate" and the party seeking a fee must submit evidence supporting the hours worked.[86]   "Where the documentation of hours is inadequate, the district court may reduce the award accordingly."[87]

Upon a review of Plaintiffs' billing records, the Court finds that, in large part, they are not too vague to allow the Court to determine which entries correspond to which litigation.   A number of entries include tasks related to drafting and filing the motion for leave to file supplemental complaint filed in the prior litigation, as well as tasks related to the complaint.   Otherwise, the Court reasonably can determine for which litigation each entry is made.   The Court will not award fees for the entries for which it is not possible to

---

[83] *Id.* at 12–13.
[84] *Id.* at 12.
[85] *I.N.S. v. Jean*, 496 U.S. 154, 161 (1990) (applying *Hensley v. Eckerhart*, 461 U.S. 424 (1983) to cases in which fees are awarded pursuant to the EAJA).
[86] *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).
[87] *Id.*

*United Cook Inlet Drift Ass'n v. Nat'l Marine Fisheries Serv., et al.*      Case No. 3:21-cv-00255-JMK
Order re Attorney Fees and Costs      Page 18

Case 3:21-cv-00255-JMK   Document 109   Filed 09/28/23   Page 18 of 24

determine how much time was spent on tasks related to each litigation. For example, it will not award fees for billing entries that include tasks related to both litigations and do not separate out the time spent on each. However, the Court finds that a fee award is proper for all activities prior to November 23, 2021, for which the billing entries sufficiently show that work performed related to this litigation. The Court has reviewed the billing records and finds that a fee award of $14,267.00 is appropriate for Plaintiffs' attorneys' work prior to November 23, 2021.[88]

### 2. An award will include enhanced fees for work performed on the fee petition and for time billed for travel

Next, Federal Defendants object to enhanced fees for work performed on the fee petition before the Court and for time billed for travel.[89] Plaintiffs respond that the Ninth Circuit has expressly distinguished the cases Federal Defendants cite and that courts within this circuit do not apply different hourly rates to different parts of a litigation under the EAJA.[90]

The Ninth Circuit has indicated that "[t]he approach of using different hourly rates for different portions of the litigation may be within the discretion of the court," but that it "has not adopted the approach as necessary or advisable."[91] Consistent with this practice, this Court declines to apply different hourly rates to Plaintiffs' attorneys' work on

---

[88] Consistent with its ruling below, the Court has also excluded fees for two entries involving public records requests prior to November 23, 2021.
[89] Docket 95 at 14–15.
[90] Docket 99 at 9.
[91] *Greenpeace, Inc. v. Stewart*, No. 17-35945, 2020 WL 2465321, at *5 (9th Cir. May 12, 2020).

*United Cook Inlet Drift Ass'n v. Nat'l Marine Fisheries Serv., et al.*  Case No. 3:21-cv-00255-JMK
Order re Attorney Fees and Costs  Page 19

Case 3:21-cv-00255-JMK  Document 109  Filed 09/28/23  Page 19 of 24

the fee petition. With respect to travel time, the Ninth Circuit has noted that cases indicating that attorneys should be compensated for travel time at the statutory rate are not binding on courts in this circuit, and approved increased rates for travel.[92] Here, given the difference between the enhanced rate and the statutory rate, the relatively low number of hours expended traveling, and this Court's finding that the number of attorneys adequately qualified for this litigation is limited in Alaska, it is fair to apply the enhanced billing rate for travel time.

### 3. The Court will not reduce fees for Plaintiffs' work on their petition

Additionally, Federal Defendants contend that the Court should reduce any award for Plaintiffs' attorneys' work on their fee petition by sixty percent (60%) because Plaintiffs unnecessarily protracted and complicated this litigation by requesting fees for a different civil action.[93] The Court declines to reduce its award. Plaintiffs' fee petition raised nuanced questions concerning what work could be compensated in a long-running dispute that sits in an unusual procedural posture. It did not unnecessarily protract or complicate the litigation.

### 4. Plaintiffs are not entitled to fees for time spent responding to intervenors, but may recover for work coordinating with *amici*

Federal Defendants also assert that time spent responding to intervenors or coordinating with *amici* is not compensable.[94] Plaintiffs note that Judge Burgess has

---

[92] *Lozano v. Astrue*, No. 06-15935, 2008 WL 5875573, at *2 (9th Cir. Sept. 4, 2008).
[93] Docket 95 at 15.
[94] *Id.* at 16.

*United Cook Inlet Drift Ass'n v. Nat'l Marine Fisheries Serv., et al.*
Order re Attorney Fees and Costs
Case No. 3:21-cv-00255-JMK
Page 20

Case 3:21-cv-00255-JMK   Document 109   Filed 09/28/23   Page 20 of 24

rejected these arguments in the past and Ninth Circuit precedent makes clear that a fee award may include fees for coordinating with *amici*.[95]

Fees incurred in litigating an issue that is not disputed by the United States are not recoverable under the EAJA.[96] NMFS filed a non-opposition to the State of Alaska's Motion to Intervene.[97] Plaintiffs' attorneys' work in drafting and filing their own non-opposition to the Motion to Intervene is not compensable, as the costs were not "incurred in opposing government resistance."[98]

With respect to coordinating with *amici*, Plaintiffs cite a case which holds a prevailing party may recover fees for conferring with attorneys involved in similar litigation.[99] In this Court's view, Plaintiffs' attorneys' work coordinating with *amici* served much the same purpose and was not duplicative of other work performed in this litigation. The Court will deduct $603 from Plaintiffs' fee award for hours bill to addressing the State of Alaska's Motion to Intervene, but will not reduce the award for time spent coordinating with *amici*.

### 5. Plaintiffs' time spent on a press release is compensable

Federal Defendants oppose an award that includes compensation for time spent on public relations.[100] Specifically, they object to a $123 entry for time spent on a press release Plaintiffs issued following their success on a motion for summary

---

[95] Docket 99 at 9.
[96] *Love v. Reilly*, 924 F.2d 1492, 1496 (9th Cir. 1991).
[97] Docket 19.
[98] *Love*, 924 F.2d at 1496.
[99] Docket 99 at 9–10 (citing *Pollinator Stewardship Council v. EPA*, No. 13-72346, 2017 WL 3096105, at *11 (9th Cir. June 27, 2017)).
[100] Docket 95 at 16–17.

*United Cook Inlet Drift Ass'n v. Nat'l Marine Fisheries Serv., et al.*    Case No. 3:21-cv-00255-JMK
Order re Attorney Fees and Costs    Page 21

Case 3:21-cv-00255-JMK    Document 109    Filed 09/28/23    Page 21 of 24

judgment.[101]  Plaintiffs respond that such work is compensable as it is necessary for effective representation.[102]

The Ninth Circuit has held that "[p]revailing civil rights counsel are entitled to fees for press conferences and performance of other lobbying and public relations work when those efforts are directly and intimately related to the successful representation of a client."[103]  Although Plaintiffs' attorneys spent time on the press release in question after Plaintiffs succeeded on summary judgment, it nonetheless was directly and intimately related to the successful representation of their clients.  As the course of this dispute has demonstrated, partial success on a particular motion does not guarantee subsequent or ultimate satisfaction.

### 6.    Plaintiffs' time entries are not too ambiguous to support an award

Federal Defendants argue that the Court should not award fees for ten billing entries which are too vague.[104]  Plaintiffs respond that these entries were partially redacted to remove privileged information, and disputes the contention that the entries are ambiguous.[105]

As discussed, a fee-seeking party must adequately document their hours.[106]  However, upon review of the entries to which Federal Defendants object, the Court finds that they are sufficiently detailed to serve as a basis for the award of fees.  Furthermore,

---

[101] *Id.* at 17.
[102] Docket 99 at 9–10.
[103] *Gilbrook v. City of Westminster*, 177 F.3d 839, 877 (9th Cir. 1999), *as amended on denial of reh'g* (July 15, 1999) (internal citations omitted).
[104] Docket 95 at 17–18.
[105] Docket 99 at 10.
[106] *See Hensley*, 461 U.S. at 433.

*United Cook Inlet Drift Ass'n v. Nat'l Marine Fisheries Serv., et al.*          Case No. 3:21-cv-00255-JMK
Order re Attorney Fees and Costs                                                                            Page 22

Case 3:21-cv-00255-JMK    Document 109    Filed 09/28/23    Page 22 of 24

entries that specify "legal research" often are accompanied by further information which is redacted to protect privileged information.

7.     **Plaintiffs' public records requests are not sufficiently documented**

Federal Defendants indicate that Plaintiffs' attorneys' work on public records requests is not compensable because entries related to these requests are too vague and the requests themselves were not directly related to the successful representation of the client.[107] Plaintiffs assert that these requests were necessary for effective representation.[108]

As explained above, "counsel are entitled to fees for press conferences and performance of other lobbying and public relations work when those efforts are directly and intimately related to the successful representation of a client."[109] In this case, Plaintiffs' billing records and reply do not make clear how their public records requests related to this litigation. As such, the Court will reduce the fee award by $630.

8.     **Plaintiffs may recover costs associated with this litigation**

Finally, Federal Defendants urge the Court not to award costs associated with the prior litigation and to reduce its award of costs related to this litigation.[110] Specifically, they suggest that costs such as travel, lodging, and obtaining certificates of good standing are not statutorily authorized.[111] Plaintiffs insist that the EAJA provides for an award that includes these costs.[112]

---

[107] Docket 95 at 18.
[108] Docket 99 at 9–10.
[109] *Gilbrook v. City of Westminster*, 177 F.3d 839, 877 (9th Cir. 1999), *as amended on denial of reh'g* (July 15, 1999) (internal citations omitted).
[110] Docket 95 at 19–20.
[111] *Id.*
[112] Docket 99 at 10.

*United Cook Inlet Drift Ass'n v. Nat'l Marine Fisheries Serv., et al.*      Case No. 3:21-cv-00255-JMK
Order re Attorney Fees and Costs      Page 23

Case 3:21-cv-00255-JMK   Document 109   Filed 09/28/23   Page 23 of 24

Consistent with its decision with respect to fees for work completed in the prior litigation, the Court will exclude costs as well. However, the Court finds that an award of costs related to this litigation is warranted and should include those "normally billed to a client," including travel expenses, lodging, and obtaining certificates of good standing.[113] Federal Defendants cite *Carr v. Tadin*[114] to argue that costs should not include these items.[115] However, the case is inapposite as the court in *Carr* analyzed costs awarded under Federal Rule of Civil Procedure 54(d), not the EAJA.[116] Accordingly, this Court will award the full measure of costs associated with this litigation.

## IV.   CONCLUSION

Based on the foregoing, Plaintiffs' Application for an Award of Attorneys' Fees and Costs is **GRANTED IN PART** and **DENIED IN PART**. Plaintiffs shall recover $336,692.50 in fees and $1,704.15 in costs.

IT IS SO ORDERED this 28th day of September, 2023, at Anchorage, Alaska.

_/s/ Joshua M. Kindred_
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE

---

[113] *Cath. Soc. Servs., Inc. v. Napolitano*, 837 F. Supp. 2d 1059, 1076 (E.D. Cal. 2011); *see also International Woodworkers of America, Local 3-98 v. Donovan*, 792 F.2d 762, 767 (9th Cir. 1985).
[114] 51 F. Supp. 3d 970 (S.D. Cal. 2014).
[115] Docket 95 at 19–20.
[116] 51 F. Supp. 3d. at 984.

*United Cook Inlet Drift Ass'n v. Nat'l Marine Fisheries Serv., et al.*   Case No. 3:21-cv-00255-JMK
Order re Attorney Fees and Costs   Page 24

Case 3:21-cv-00255-JMK   Document 109   Filed 09/28/23   Page 24 of 24