# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED COOK INLET DRIFT ASSOCIATION, *et al.*,<br><br>   Plaintiffs,<br> v.<br><br>NATIONAL MARINE FISHERIES SERVICE*, et al.*,<br><br>   Defendants,<br><br> and<br><br>STATE OF ALASKA*,*<br><br>   Intervenor-Defendant. | Case No. 3:21-cv-00255-SLG |

## ORDER ON PLAINTIFFS' RENEWED APPLICATION FOR AN AWARD OF THEIR REMAINING ATTORNEYS' FEES AND COSTS

Before the Court at Docket 145 is Plaintiffs United Cook Inlet Drift Association ("UCIDA") and Cook Inlet Fishermen's Fund's ("CIFF" and collectively "UCIDA") Renewed Application for an Award of Their Remaining Attorneys' Fees and Costs. Defendant National Marine Fisheries Services, *et al.* ("NMFS") responded in opposition at Docket 152. UCIDA replied at Docket 155.

## BACKGROUND

In this case, UCIDA challenged Amendment 14, a 2021 Final Rule promulgated by NMFS to implement a salmon Fishery Management Plan ("FMP") for the Cook Inlet off the coast of Alaska. In June 2022, the Court granted summary

judgment in favor of UCIDA.[1] The Court vacated Amendment 14 after finding it was "arbitrary and capricious because it delegates conservation and management measures to the State of Alaska in violation of the Magnuson-Stevens Act and is directly contrary to the Ninth Circuit's ruling in [*United Cook Inlet Drift Association v. National Marine Fisheries Service*, 837 F.3d 1055, 1065 (9th Cir. 2016)]."[2] The Court remanded Amendment 14 to NMFS "for further proceedings consistent with" the Court's order on summary judgment.[3]

After further briefing on the appropriate remedy, in November 2022, the Court issued a Remedy Order denying UCIDA's requests for (1) declaratory judgment, (2) required collaboration between UCIDA and NMFS while NMFS prepared a new salmon FMP amendment, and (3) a contingency plan for the 2023 salmon fishing season.[4] In the Remedy Order, the Court did not appear to contemplate any substantive involvement in the agency's actions during the remand; rather, the focus appeared to be on the timely completion of a new amendment. Specifically, the Remedy Order recognized that "'the substance and manner' of achieving compliance with the applicable statute should be left to the

---

[1] Docket 67 at 53-54.

[2] Docket 67 at 20.

[3] Docket 67 at 54.

[4] Docket 77 at 6-9.

Case No. 3:21-cv-00255-SLG, *United Cook Inlet Drift Ass'n, et al. v. Nat'l Marine Fisheries Serv., et al.*
Order on Plaintiffs' Renewed Application for an Award of Their Remaining Attorneys' Fees and Costs
Page 2 of 15
Case 3:21-cv-00255-SLG   Document 157   Filed 09/17/25   Page 2 of 15

agency."[5] The Court set a May 1, 2024 deadline for NMFS to complete the remand.[6] And, "[t]o ensure that NMFS is making tangible progress in its preparation of a new, lawful FMP amendment," the Court ordered NMFS to file a status report every 45 days on "its progress in its preparation of a new FMP amendment as well as any pertinent information relating to the management of the Cook Inlet fishery for the 2023 fishing season."[7] The Court also ordered UCIDA to "submit any response within seven days" of NMFS's status reports.[8] The Court set a status conference for April 2023 and retained jurisdiction over the case "to ensure full and timely compliance with all aspects of the remedy."[9]

In accordance with the Remedy Order, NMFS submitted status reports to the Court on January 12 and February 27, 2023; UCIDA filed responses.[10] On February 27, 2023, UCIDA moved for "an interim award of attorneys' fees and costs under the Equal Access to Justice Act ('EAJA')," including for $786,716.50 in attorneys and professional fees, while "reserv[ing] the right to file one or more

---

[5] Docket 77 at 5 (quoting *Nat'l Wildlife Fed'n v. Nat'l Marine Fisheries Serv.*, 524 F.3d 917, 937 (9th Cir. 2008)).

[6] Docket 77 at 10.

[7] Docket 77 at 10.

[8] Docket 77 at 11.

[9] Docket 77 at 11.

[10] Docket 78; Docket 79; Docket 81; Docket 94.

Case No. 3:21-cv-00255-SLG, *United Cook Inlet Drift Ass'n, et al. v. Nat'l Marine Fisheries Serv., et al.*
Order on Plaintiffs' Renewed Application for an Award of Their Remaining Attorneys' Fees and Costs
Page 3 of 15
Case 3:21-cv-00255-SLG    Document 157    Filed 09/17/25    Page 3 of 15

supplements to this application for attorneys' fees and costs incurred after February 23, 2023."[11]

While UCIDA's fee motion was pending, NMFS filed an additional status report on April 13, 2023, to which UCIDA responded.[12] Additionally, the Court held a previously scheduled status conference on May 4, 2023, to discuss the progress on remand and whether the parties should be required to collaborate during the remand.[13] In an Amended Remedy Order issued shortly thereafter, the Court reversed course on its prior denial of UCIDA's request for court-ordered collaboration, now finding that "imposing a collaboration requirement is necessary at this stage of the remand" because "the actions taken by the Federal Defendants in the eleven months following the Court's Order on the parties' Cross-Motions for Summary Judgment at Docket 67 are nearly identical to those taken to implement the now-vacated Amendment 14," "stronger judicial intervention is necessary to ensure that the same processes do not yield the same result," and "[a]lthough the Court cannot mandate the substance and manner of the collaboration meetings," it was "prudent to order the parties to collaborate at this stage to attempt to avoid

---

[11] Docket 82 at 3 & n.9.

[12] Docket 98; Docket 100.

[13] Docket 101.

Case No. 3:21-cv-00255-SLG, *United Cook Inlet Drift Ass'n, et al. v. Nat'l Marine Fisheries Serv., et al.*
Order on Plaintiffs' Renewed Application for an Award of Their Remaining Attorneys' Fees and Costs
Page 4 of 15
Case 3:21-cv-00255-SLG    Document 157    Filed 09/17/25    Page 4 of 15

a perpetual cycle of litigation."[14] As such, the Amended Remedy Order retained the periodic status reports requirement from the initial order, added a requirement that the parties participate in two collaboration meetings in May 2023, and set another status conference for December 2023.[15]

The parties attended the collaboration meetings on May 19 and May 22, 2023, and filed a joint status report regarding the meetings to the Court.[16] UCIDA reported that the parties were still "very far apart on what constitutes a legal and effective FMP for the Cook Inlet salmon fishery" and NMFS reported that the parties failed to resolve any of the issues they had discussed.[17] NMFS filed an additional status report on June 29, 2023, to which UCIDA responded, and an unanswered status report on August 14, 2023.[18]

On September 28, 2023, the Court granted in part UCIDA's motion for attorneys' fees and costs.[19] The Court found that UCIDA was the prevailing party because, "[i]n granting summary judgment, this Court granted the precise relief Plaintiffs sought, namely, vacatur of NMFS's decision approving Amendment 14

---

[14] Docket 103 at 9.

[15] Docket 103 at 10-11.

[16] Docket 102.

[17] Docket 104 at 1, 3, 7.

[18] Docket 106; Docket 107; Docket 108.

[19] Docket 109.

Case No. 3:21-cv-00255-SLG, *United Cook Inlet Drift Ass'n, et al. v. Nat'l Marine Fisheries Serv., et al.*
Order on Plaintiffs' Renewed Application for an Award of Their Remaining Attorneys' Fees and Costs
Page 5 of 15
Case 3:21-cv-00255-SLG    Document 157    Filed 09/17/25    Page 5 of 15

and remand to the agency for the promulgation of a lawful amendment."[20] Further, the Court determined that UCIDA was eligible to recover its fees pursuant to the EAJA, that NMFS's position was not substantially justified, and that no special circumstances existed such that an award was unjust.[21] The Court also found that UCIDA's attorneys—including Jason T. Morgan, Ryan P. Steen, and Connor R. Smith—possessed distinctive knowledge and skills necessary in this litigation and that UCIDA could recover attorneys' fees at the market rate in excess of the EAJA statutory maximum.[22] However, the Court found that "whether the Court construes the administrative proceedings that led to NMFS promulgating Amendment 14 as pre-litigation or post-litigation, precedent forecloses an award of fees and costs for Plaintiffs' attorneys' work related to the proceedings."[23] And with respect to the administrative proceedings on remand, the Court noted that "[a]lthough the Court retained jurisdiction during the remand, it did not contemplate a substantive review of the agency's actions on remand."[24] Ultimately, the Court awarded UCIDA "$336,692.50 in fees and $1,704.15 in costs."[25]

---

[20] Docket 109 at 8.

[21] Docket 109 at 6, 10-11.

[22] Docket 109 at 11-12; Docket 83 at ¶ 8-9.

[23] Docket 109 at 17.

[24] Docket 109 at 17.

[25] Docket 109 at 24.

Case No. 3:21-cv-00255-SLG, *United Cook Inlet Drift Ass'n, et al. v. Nat'l Marine Fisheries Serv., et al.*
Order on Plaintiffs' Renewed Application for an Award of Their Remaining Attorneys' Fees and Costs
Page 6 of 15
Case 3:21-cv-00255-SLG    Document 157    Filed 09/17/25    Page 6 of 15

NMFS filed an unanswered status report on September 28, 2023, and another status report on November 13, 2023, to which UCIDA responded.[26] The Court held a status conference on December 20, 2023.[27] NMFS filed three additional status reports on December 28, 2023; February 12, 2024; and March 28, 2024, all to which UCIDA responded.[28] On May 1, 2024, NMFS filed a Notice of Completion of Remand, indicating that it had promulgated Amendment 16 and thus had complied with the Court's Amended Remedy Order.[29]

On May 24, 2024, UCIDA filed a Motion to Enforce, maintaining that Amendment 16 did not cure the defects of Amendment 14 and asking the Court to vacate Amendment 16 and "require NMFS to produce a compliant FMP amendment."[30] The Court denied UCIDA's motion, agreeing with NMFS that if UCIDA sought to challenge the substance of Amendment 16, UCIDA must file a new action.[31] On October 8, 2024, the Court entered a final judgment, dismissing the case.[32]

---

[26] Docket 110; Docket 111; Docket 112; Docket 118.

[27] Docket 119.

[28] Docket 121; Docket 122; Docket 125; Docket 126; Docket 127; Docket 128.

[29] Docket 132.

[30] Docket 133 at 4-5.

[31] Docket 143 at 7.

[32] Docket 144.

Case No. 3:21-cv-00255-SLG, *United Cook Inlet Drift Ass'n, et al. v. Nat'l Marine Fisheries Serv., et al.*
Order on Plaintiffs' Renewed Application for an Award of Their Remaining Attorneys' Fees and Costs
Page 7 of 15
Case 3:21-cv-00255-SLG   Document 157   Filed 09/17/25   Page 7 of 15

On December 27, 2024, UCIDA filed its Renewed Application for An Award of Attorneys' Fees and Costs for work by its attorneys Jason T. Morgan, Ryan P. Steen, Connor R. Smith, and Jake B. Gerrish, and a paralegal.[33] UCIDA seeks $169,562.50 in attorneys' fees and $1,612.52 in costs for work in this case "from February 24, 2023, through the completion of remand."[34] UCIDA's request covers three categories of fees: $32,904.50 in fees for time spent on preparing attorneys' fees applications to the Court; $93,284.50 in fees for time spent during the remand in court-related proceedings; and $43,373.50 in fees for time spent in the administrative proceedings on remand, including preparing comment letters to the agency.[35] In its reply, UCIDA also requests $5,715 that it incurred in preparing its reply in support of the renewed application for attorneys' fees.[36] UCIDA is not seeking fees for time spent on the motion to enforce, which the Court denied.[37]

NMFS opposes UCIDA's request. Specifically, NMFS maintains that UCIDA is not entitled to fees and costs under the EAJA for any work related the development of Amendment 16, which was the result of the remand in this case, including "drafting comment letters, reviewing Council documents, drafting

---

[33] Docket 145; Docket 146 at ¶ 3 (Smith Decl.).

[34] Docket 145 at 2.

[35] Docket 155-1 at 12.

[36] Docket 155 at 12.

[37] Docket 145 at 8.

Case No. 3:21-cv-00255-SLG, *United Cook Inlet Drift Ass'n, et al. v. Nat'l Marine Fisheries Serv., et al.*
Order on Plaintiffs' Renewed Application for an Award of Their Remaining Attorneys' Fees and Costs
Page 8 of 15
Case 3:21-cv-00255-SLG   Document 157   Filed 09/17/25   Page 8 of 15

responses to NMFS's status reports, and participating in "collaboration" sessions regarding the contents of Amendment 16."[38] NMFS contends that the "EAJA authorizes fees only for 'a prevailing party in any action for judicial review of an adversary adjudication[.]'" [39] And Federal Defendants maintain that "[i]t is well established that EAJA 'generally does not allow for the award of fees for administrative proceedings.'"[40] As for any fees incurred for court-related activities, such as filing responses to status reports or participating in the collaboration meetings, Federal Defendants contend that UCIDA's efforts were unsuccessful, as UCIDA's motion to enforce was denied, and therefore UCIDA was not the prevailing party in those actions.[41] NMFS also contends that UCIDA is not entitled to fees for preparing either the initial motion for attorneys' fees nor the instant one, as the first request is untimely and there is no basis for the fees sought in the instant motion.[42] Finally, in the event fees are awarded, NMFS asserts that UCIDA "attorney Jake B. Garrish [sic] should be capped at the statutory rate which Plaintiffs identify as $125 per hour" because UCIDA has not shown that "Mr.

---

[38] Docket 152 at 9.

[39] Docket 152 at 9 (quoting 28 U.S.C. § 2412(d)(3)).

[40] Docket 152 at 9 (quoting *W. Watersheds Project v. Dep't of the Interior*, 677 F.3d 922, 926 (9th Cir. 2012) (citing 28 U.S.C. § 2412)).

[41] Docket 152 at 19-21.

[42] Docket 152 at 21.

Case No. 3:21-cv-00255-SLG, *United Cook Inlet Drift Ass'n, et al. v. Nat'l Marine Fisheries Serv., et al.*
Order on Plaintiffs' Renewed Application for an Award of Their Remaining Attorneys' Fees and Costs
Page 9 of 15
Case 3:21-cv-00255-SLG    Document 157    Filed 09/17/25    Page 9 of 15

Garrish [sic] meets the necessary requirements for an award of enhanced fees."[43]

## LEGAL STANDARD

In any civil action brought by or against the United States, the Equal Access to Justice Act, 28 U.S.C. § 2412, provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."[44] Fees and other expenses, which a court must award a qualifying party, include "reasonable attorney fees[.]"[45] However, "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."[46]

## DISCUSSION

The Court finds that UCIDA is entitled to attorneys' fees and costs related to the specific court-related remand activities ordered in this case after it prevailed on summary judgment and the Court retained jurisdiction during the remand:

---

[43] Docket 152 at 21. Mr. Gerrish's hourly rate was listed as $375-420/hour. Docket 146 at 3.

[44] 28 U.S.C. § 2412(d)(1)(A).

[45] *Id.* § 2412(d)(2)(A).

[46] *Id.* § 2412(d)(2)(A)(ii).

Case No. 3:21-cv-00255-SLG, *United Cook Inlet Drift Ass'n, et al. v. Nat'l Marine Fisheries Serv., et al.*
Order on Plaintiffs' Renewed Application for an Award of Their Remaining Attorneys' Fees and Costs
Page 10 of 15
Case 3:21-cv-00255-SLG    Document 157    Filed 09/17/25    Page 10 of 15

responding to NMFS's periodic status reports and preparing for and attending the status hearings and collaboration meetings. The Court previously found that the position of the United States was not substantially justified and that there were no special circumstances that made an award unjust. The Court-related fees incurred during the subsequent remand are sufficiently related to the issue upon which UCIDA prevailed. However, UCIDA is not entitled to attorneys' fees or costs for its participation in the notice-and-comment process before the agency regarding Amendment 16. As this Court previously found in its prior order, "whether the Court construes the administrative proceedings that led to NMFS promulgating Amendment [16] as pre-litigation or post-litigation, precedent forecloses an award of fees and costs for Plaintiffs' attorneys' work related to the proceedings."[47] And even if fees and costs were available under the EAJA for UCIDA's efforts before the agency on remand, UCIDA was not the prevailing party in its advocacy with NMFS, as demonstrated by UCIDA's failed Motion to Enforce and this Court's rejection of UCIDA's claims challenging Amendment 16 in a separate suit.[48] Therefore, the Court denies UCIDA's request for $43,373.50 in attorneys' fees for

---

[47] Docket 109 at 17.

[48] In May 2024, UCIDA sued NMFS to challenge Amendment 16. *See United Cook Inlet Drift Ass'n, et al. v. Nat'l Marine Fisheries Serv., et al.*, Case No. 3:24-cv-00116-SLG, Docket 1. This Court denied UCIDA's request for relief and dismissed the case. *United Cook Inlet Drift Ass'n, et al. v. Nat'l Marine Fisheries Serv., et al.*, Case No. 3:24-cv-00116-SLG, Docket 58. UCIDA has appealed that decision. *United Cook Inlet Drift Ass'n, et al. v. Nat'l Marine Fisheries Serv., et al.*, Case No. 3:24-cv-00116-SLG, Docket 62.

Case No. 3:21-cv-00255-SLG, *United Cook Inlet Drift Ass'n, et al. v. Nat'l Marine Fisheries Serv., et al.*
Order on Plaintiffs' Renewed Application for an Award of Their Remaining Attorneys' Fees and Costs
Page 11 of 15

Case 3:21-cv-00255-SLG    Document 157    Filed 09/17/25    Page 11 of 15

time spent in the administrative proceedings on remand, including preparing comment letters to the agency.

The Court next turns to the $93,284.50 in fees UCIDA that seeks for time spent on court-related activities while the case was on remand. The Court first subtracts $1,278; in a spreadsheet demonstrating its fees, UCIDA included $1,278 in fees for Mr. Morgan, but the note indicates that the fee was "related to fee recovery."[49] After subtracting that sum, UCIDA seeks $92,006.50 in fees for its court-related remand activities. Upon review of the documentation submitted by UCIDA demonstrating its fees and costs, the Court has subtracted fees that appear to be solely related to the contents of Amendment 16 or whose subject matter cannot be reasonably ascertained. These deletions are marked on the far left of the attached copy of Docket 155-1 and total $19,865.50. Accordingly, the Court awards UCIDA $72,141 in fees for court-related remand activities specifically ordered in this case, and $1,612.52 in costs.[50]

As for UCIDA's request for attorneys' fees related to the fee motions, the Court finds that the request is timely, as the motion was filed within 90 days of the

---

[49] Docket 155-1 at 6. The Court has added $1,278 to the total UCIDA is seeking in attorneys' fees related to the fee motions.

[50] UCIDA requested $93,284.50 in fees for its remand activities. The Court subtracted $1,278 and $19,865.50 from that number to calculate the fee award.

Case No. 3:21-cv-00255-SLG, *United Cook Inlet Drift Ass'n, et al. v. Nat'l Marine Fisheries Serv., et al.*
Order on Plaintiffs' Renewed Application for an Award of Their Remaining Attorneys' Fees and Costs
Page 12 of 15

Case 3:21-cv-00255-SLG   Document 157   Filed 09/17/25   Page 12 of 15

Court's entry of final judgment.[51] However, the Court will reduce the award of attorneys' fees on UCIDA's prior fee motion proportional to the amount of fees awarded. UCIDA previously requested $786,716.50 in attorneys' and professional fees; the Court ultimately awarded $336,692.50, about 42.8% of UCIDA's request.[52] Here, UCIDA asks for $17,131 in attorneys' fees for work on the prior fee motion through October 17, 2023.[53] The Court will reduce the award of fees for work on the prior motion to 42.8% of UCIDA's request, awarding UCIDA $7,332.07 in attorneys' fees for work on the prior fee motion.

On the issue of whether attorney Jake B. Gerrish should be compensated above the EAJA statutory rate for his work on the renewed fee motion, the Court finds that UCIDA has not demonstrated that a rate above the EAJA rate is warranted. This Court previously found that attorneys Mr. Morgan, Mr. Steen, and Mr. Smith were entitled to market rates, but Mr. Gerrish was not an attorney

---

[51] Pursuant to Federal Rule of Appellate Procedure 4(a)(1)(B), a party has 60 days to appeal a final order if one of the parties is a federal agency or employee. "An EAJA application may be filed until 30 days after a judgment becomes 'not appealable' -- *i.e.*, 30 days after the time for appeal has ended." *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). Therefore, in this case where one of the parties is a federal agency, UCIDA had 90 days from this Court's entry of judgment to file its motion for EAJA fees.

[52] Docket 82 at 3; Docket 109 at 24.

[53] This includes the $1,278 in fees for Mr. Morgan previously mentioned and all the yellow lines. Docket 155-1 at 1-6. Further, the Court is not awarding fees that UCIDA coded as pertaining to the fee motion after October 24, 2023, including entries like "review draft motion and proposed order," because the entries post-date both the fee motion and this Court's order on the same. *See* Docket 155-1 at 7.

Case No. 3:21-cv-00255-SLG, *United Cook Inlet Drift Ass'n, et al. v. Nat'l Marine Fisheries Serv., et al.*
Order on Plaintiffs' Renewed Application for an Award of Their Remaining Attorneys' Fees and Costs
Page 13 of 15

Case 3:21-cv-00255-SLG    Document 157    Filed 09/17/25    Page 13 of 15

covered by UCIDA's prior motion for attorneys' fees or the Court's prior order. UCIDA's instant motion for attorneys' fees fails to identify a special factor justifying a higher fee for Mr. Gerrish above the EAJA statutory maximum. Therefore, the Court reduces Mr. Gerrish's hourly rate to $125 an hour.[54] With that adjustment, UCIDA requests $8,593 in attorneys' fees for work on the instant fee motion, not including work on UCIDA's reply.[55]

As decided above, the Court is awarding $72,141 to UCIDA for court-related remand activities, 53.3% of UCIDA's requested $135,380 in fees for all of its remand activities. Therefore, the Court awards a proportional amount of attorneys' fees for work on the instant fee petition in the amount of $4,580.07. As to UCIDA's additional request for $5,715 in fees for preparing its reply, UCIDA makes this request solely in the concluding paragraph of its reply and provides no supporting evidence.[56] Therefore, the Court denies UCIDA's request for those fees.

In sum, the Court awards UCIDA $72,141 in fees for the court-related remand activities specifically ordered in this case after UCIDA had prevailed and obtained the remand it had sought, $7,332.07 in attorneys' fees for work on the prior fee motion, $4,580.07 in attorneys' fees for work on the instant fee motion,

---

[54] *See* Docket 155-1 at 11 (28.7 total hours x $125 = $3,587.50).

[55] Docket 155-1 at 11-12.

[56] Docket 155 at 12.

Case No. 3:21-cv-00255-SLG, *United Cook Inlet Drift Ass'n, et al. v. Nat'l Marine Fisheries Serv., et al.*
Order on Plaintiffs' Renewed Application for an Award of Their Remaining Attorneys' Fees and Costs
Page 14 of 15

Case 3:21-cv-00255-SLG    Document 157    Filed 09/17/25    Page 14 of 15

and $1,612.52 in costs. In total, UCIDA shall recover $84,053.14 in fees and $1,612.52 in costs.

DATED this 16th day of September, 2025, at Anchorage, Alaska.

<u>/s/ Sharon L. Gleason</u>
UNITED STATES DISTRICT JUDGE

Case No. 3:21-cv-00255-SLG, *United Cook Inlet Drift Ass'n, et al. v. Nat'l Marine Fisheries Serv., et al.*
Order on Plaintiffs' Renewed Application for an Award of Their Remaining Attorneys' Fees and Costs
Page 15 of 15
Case 3:21-cv-00255-SLG     Document 157     Filed 09/17/25     Page 15 of 15